STATE of Missouri, ex rel., Stephen FORGET et al., Appellants,

v.

FRANKLIN COUNTY PLANNING AND ZONING COMMISSION, et al., Respondents.

Forest Hills Associates, Intervenors.

No. 58857.

Missouri Court of Appeals, Eastern District, Division Two.

May 14, 1991.

William W. Eckelkamp, James William McGettigan, Jr., Washington, for appellants.

Frank Kimberly Carlson, Mark S. Vincent, Union, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellants, residents of Forest Hills Estates Subdivision in Franklin County, appeal the July 18, 1990, order of the Circuit Court of Franklin County dismissing their petition for a writ of mandamus to compel respondent, the Franklin County Planning and Zoning Commission, to withdraw their approval of the final plat of "Forest Hills Estates Plat 4" and to compel respondent, the Franklin County Recorder of Deeds, to void the recordation of that same plat. We find that the trial court did not have jurisdiction in the matter and correctly dismissed the petition.

Forest Hills Estates is a subdivision located off Missouri Route 47 in Franklin County, Missouri. As originally platted, the subdivision was to contain fifty-seven (57) lots. The subdivision contains two entrances, one at each end of the subdivision. Both entrances access Missouri Route 47. According to appellants' petition, these entrances are a maximum width of twenty-two (22) feet.

In 1988, Forest Hills Associates, a Missouri general partnership, acquired real estate adjoining the southern boundary of Forest Hills Estates. It also acquired an easement of ingress and egress over the streets of the subdivision.

The acquired land was surveyed and platted as a 17-lot residential subdivision known as "Forest Hills Estates Plat 4 (plat 4)." The plat was submitted to the Franklin County Planning and Zoning Commission (Commission) and, on July 18, 1989, the Commission gave final approval of the plat. Plat 4 was recorded the next day with the Franklin County Recorder of Deeds.

On August 4, 1989, appellants appealed the Commission's approval of plat 4 to the Board of Zoning Adjustments (Board of Adjustments). The Board of Adjustments refused to hear appellants' appeal and directed the appellants to file an appeal with the County Commission. The County Commission, likewise, refused to hear the appeal.

On August 22, 1989, the appellants filed their petition in mandamus in the Circuit Court of Franklin County alleging jurisdiction pursuant to RSMo § 64.895.2 (1986). The petition alleged that the entrance

width of 22 feet was not in compliance with regulations contained in the subdivision zoning ordinance, which required a minimum pavement width of 34 feet. The petition asked that the Franklin County Recorder of Deeds be ordered to strike plat 4 from the county records and that the Franklin County Zoning Commission's approval of plat 4 be withdrawn.

The trial court issued a preliminary order of mandamus on August 22, 1989. On September 18, 1989, Forest Hills Associates filed a motion to intervene and filed a motion to dismiss the appellants' petition due to lack of subject matter jurisdiction and its failure to state a claim upon which relief could be granted. The respondents filed their motions to dismiss that same day; an amended motion to dismiss was filed by the respondents on April 4, 1990.

Due to allegations contained in the intervenor's motion to dismiss to the effect that appellants should have appealed the Commission's approval of plat 4 to the Board of Adjustments, appellants filed a motion on June 11, 1990, for leave to add the Board of Adjustments as a necessary and indispensable party. In the motion, appellants alleged that, since they had appealed to the Board of Adjustments and since the Board of Adjustments refused to hear their appeal, the Board of Adjustments had to be joined to the petition so that the court could order it to hear the appeal.

On July 18, 1990, the circuit court denied appellants' motion for leave to join a necessary and indispensable party, granted the respondents' motion to dismiss, and quashed the preliminary order of mandamus. This appeal followed.

■ The circuit court below did not state the grounds upon which it based its decision to dismiss appellants' petition. We note that we may, therefore, affirm the decision of the trial court if there is any meritorious ground upon which the trial court could have based its decision. *Spearman v. University City Public School District*, 617 S.W.2d 68, 72 (Mo. banc 1981).

In their petition, appellants allege their cause of action was pursuant to RSMo § 64.895 (1986). On appeal, appellants also allege that a cause of action could have been brought pursuant to RSMo § 536.150 (1986). We disagree.

■ It has long been the rule that a party aggrieved by an administrative zoning decision who requests an appeal or review of the Board's action must exhaust its administrative remedies before it can resort to an action at law or equity. See *Hernreich v. Quinn*, 350 Mo. 770, 168 S.W.2d 1054, 1058 (1943). The appellants have failed to do so here.

The Franklin County Planning and Zoning Commission was created by the Franklin County Commission pursuant to RSMo § 64.800 et seq. (1986). The regulations invoked below by the appellants were passed pursuant to RSMo § 64.825 (1986). As plat 4 related to a subdivision of land under the regulations passed pursuant to RSMo § 64.825 (1986), the plat could not be recorded with the county recorder's office absent its approval by the County Planning and Zoning Commission. RSMo § 64.830 (1986). Once plat 4 was approved by the Planning and Zoning Commission, appellants had three months to appeal to the County Board of Zoning Adjustments. RSMo § 64.870.1 (1986). There is no debating that the appellants complied with the requirements thus far.

■ The Board of Zoning Adjustments, however, refused to hear the appeal filed by the appellants. Pursuant to RSMo § 64.870.1 (1986), the Board of Zoning Adjustments erred in refusing to hear the appeal. Appellants then should have filed a petition for a writ of certiorari with the circuit court stating the illegality of the board's action and asking for relief therefrom. RSMo § 64.870.2 (1986). The appellants did not do this.

Rather than file a petition for a writ of certiorari, the appellants filed a petition for a writ of mandamus in the circuit court seeking injunctive relief against the Planning and Zoning Commission and the County Recorder's office. The appellants did not seek to include the County Board of Zoning Adjustments as a party until almost a year after the decision of the Commis-

sion; well outside the three month limitation imposed by RSMo § 64.870.1.

■ Appellants contend that jurisdiction for their cause of action comes from RSMo § 64.895.2 (1986). We disagree.

RSMo § 64.895 (1986) provides:

**64.895. Violations constitute misdemeanors—enforcement of zoning regulations**

1. Any owner, lessee or tenant of land located within any unincorporated area covered or affected by any official master plan or part thereof, or by any regulations or orders relating to subdivisions of land, or by any zoning plan, or by any regulations relating to building or setback lines on major highways, or by any regulations and restrictions of buildings, structures, lots and lands, or other planning or zoning regulations and restrictions or other regulations and restrictions made and adopted under the provisions of sections 64.800 to 64.845 or 64.850 to 64.880, who shall lay out and improve any subdivision of land, or who shall construct, reconstruct, alter, relocate or maintain any building or other structure, or use the land in violation of the provisions of sections 64.800 to 64.-845 or 64.850 to 64.880, or of order, regulation or restriction made and adopted under the provisions of sections 64.800 to 64.845 or 64.850 to 64.880, shall be guilty of a misdemeanor.

2. In the event any subdivision of land is begun or made in violation of sections 64.800 to 64.845, or of any official master plan or part thereof, or of any planning or zoning order, regulation or restriction made and adopted under the provisions of sections 64.800 to 64.-845 or 64.850 to 64.880, or in the event any building or structure is constructed, reconstructed, relocated or maintained, or any building, structure, lot or land is used in violation of sections 64.800 to 64.845 or 64.850 to 64.880, or of any planning or zoning plan, regulation, restriction or order made and adopted by authority conferred under the provisions of sections 64.800 to 64.845 or 64.850 to 64.880, the county commission, the coun-

ty planning commission, the county zoning commission, the prosecuting attorney, or any officer or official appointed or designated under the provisions of section 64.865, or the owner of any private property or any public body the property of whom or which is or may be affected by any such violation, may institute in the circuit court of the county, any appropriate action or proceedings to prevent the unlawful subdivision development or erection, construction, reconstruction, alteration, relocation or maintenance or use, or to restrain, abate or correct the violation, or to prevent the occupancy of the building or structure or unlawful use of land, and to prevent any illegal act, conduct, business or use in or about the premises.

\* \* \* \* \* \*

4. Any owner, lessee or tenant who, having been served with an order in writing signed by the officer or official to correct or remove any such violations, shall fail to comply with the order within ten days after service, or who shall continue to violate any of the regulations or orders made under the authority of sections 64.850 to 64.880 in the respect named in the order, shall be guilty of a misdemeanor.

5. The owner or general agent of any land, building, structure or premises where a violation of any orders, regulations or restrictions has been committed or shall exist, or the lessee or tenant of any entire building or entire premises where the violation has been committed or shall exist, or the owner, general agent, lessee or tenant of any part of the building or premises in which the violation has been committed or shall exist, or the owner, general agent, architect, builder or contractor or any other person who knowingly commits, takes part or assists in the violation, or who maintains any building or premises in which any violation exists, shall be guilty of a misdemeanor.

Research has revealed no cases construing this statute. It is clear, however, that the purpose of § 64.895.2 was to provide an enforcement mechanism to prevent zoning

violations by owners, lessees, tenants of property, agents of owners, architects, builders or contractors, or other parties. It was not promulgated to provide a separate cause of action against a zoning body for exercising its official duties. RSMo § 64.870 provides more than sufficient process to protect parties aggrieved by zoning commission decisions. Point denied.

■ Appellants also claim that RSMo § 536.150 of the Administrative Procedure Act provides jurisdiction in this case. Even had appellants presented this issue to the trial court below, which they did not, it would not help them. RSMo § 536.150 expressly applies only when the decision of an administrative body is "not subject to administrative review." As previously stated, RSMo § 64.870 provides an adequate procedure for review. See *American Hog Company v. County of Clinton*, 495 S.W.2d 123, 126 (Mo.App., K.C.D.1973).

■ Appellants' last contention is that the trial court erred in failing to include the Board of Adjustments as a necessary and indispensable party. We agree that the Board of Adjustments should have heard appellants' appeal from the Commission. When the board failed to do so, the appellants had 30 days to file for a writ of certiori in the circuit court. *Ford v. Boone County*, 654 S.W.2d 169, 171 (Mo.App., W.D.1983). When they failed to do so, the jurisdiction of the trial court to issue such a writ expired. The time for the trial court to compel the Board of Adjustments to hear the appellants' appeal had long since passed by the time appellants filed their motion to include the Board of Adjustments as a party below. The inclusion of the Board of Adjustments as a party in the proceedings below would have been a useless act. We will not hold that the circuit court committed error by failing to do a useless thing.

The decision of the circuit court is affirmed.

CRIST and AHRENS, JJ., concur.