Mary Jo KISH, Plaintiff–Respondent,

v.

**CHILHOWEE R–IV SCHOOL DISTRICT, Defendant–Appellant.**

No. WD 44079.

Missouri Court of Appeals, Western District.

Aug. 13, 1991.

Robert B. Best, Jr., Kansas City, for defendant-appellant.

K. Martin Kuny, James M. Ziegler, Independence, for plaintiff-respondent.

Before BERREY, P.J., and BRECKENRIDGE, J., and KENNETH W. SHRUM, Special Judge.

KENNETH W. SHRUM, Special Judge.

The defendant Chilhowee R–IV School District appeals from a judgment for damages rendered pursuant to a jury verdict in a breach of contract suit filed by the plaintiff Mary Jo Kish.

## ISSUE

The single issue presented is whether the Missouri Administrative Procedure and Review Act, Chapter 536, RSMo 1986, provides the exclusive procedure for resolution of a dispute involving a school district's employment contract when the dispute centers on whether the employee has performed her duties as superintendent of the district. Stated more concisely, did the trial court lack subject matter jurisdiction over the school superintendent's employment contract dispute because of Chapter 536, RSMo 1986?

## DECISION

Because we have determined the trial court did not lack subject matter jurisdiction, we affirm.

## FACTS

On February 14, 1986, the plaintiff was hired, pursuant to a written contract, to act as superintendent and principal of the defendant school district for the school years 1986–87 and 1987–88. Effective March 1, 1987, the defendant terminated the plaintiff's employment. Thereupon the plaintiff sought damages for breach of contract by filing suit in the Circuit Court of Johnson County. As part of its answer to that suit, the defendant plead that "[p]laintiff breached ... the contract ... by failing to provide reasonable services *as Superintendent* as required by said contract ..." (emphasis added).

By a Motion for Judgment on the Pleadings and a Motion to Dismiss, the defendant presented to the trial court its additional contention that the trial court lacked subject matter jurisdiction because the Administrative Procedure and Review Act provided the exclusive procedure for resolution of the contract dispute. The trial court overruled those motions.

Following a jury verdict for the plaintiff in the amount of $11,938 and a judgment rendered on that verdict, the defendant again challenged the trial court's jurisdiction by its post-trial motions. This appeal followed when the post-trial motions were denied by the trial court.

## PRELIMINARY QUESTION: SUPERINTENDENT OR PRINCIPAL CONTRACT?

■ As discussed in detail later in this opinion, the resolution of this case turns on

whether the plaintiff was seeking damages for breach of her employment contract as superintendent of the school district or for breach of her employment contract as principal.

No trial transcript was filed and we have no copy of the plaintiff's employment contract before us. In its brief, the defendant argues in part that because the plaintiff was hired to perform duties as a superintendent and principal, we should consider the tenured teacher cases and the school principal cases as conclusive authority for its position that the plaintiff must first exhaust her administrative remedies under the Missouri Administrative Procedure and Review Act, RSMo Chapter 536.

We disagree because when we read the defendant's pleadings, we perceive that the school district was basing its defense on a lack of consideration because of plaintiff's alleged failure to perform reasonable services as superintendent.[1] We find nothing in the record to indicate that the defendant terminated the plaintiff because of any alleged failure to perform her contractual duties as principal.

■ We reject the defendant's argument for additional reasons. We find nothing in the record to indicate that the defendant, in terminating the plaintiff, afforded the plaintiff any of the rights to which she would have been entitled as a principal. For purposes of demotion or discharge, a principal is treated as a teacher. *Elrod v. Harrisonville Cass R–IX School District,* 706 S.W.2d 465, 470 (Mo.App.1986). Thus, if tenured, the plaintiff would have been entitled to the safeguards and procedures of the "Teacher Tenure Act." Sections 168.102–130, RSMo 1986. Our courts have determined that the purpose of the Teacher Tenure Act is to establish strictly defined grounds and procedures for removing permanent teachers which may not be evaded or other procedures substituted therefor. Section 168.102; *Beck v. James,* 793 S.W.2d 416, 419[7] (Mo.App.1990). We find noth-

ing in the record to indicate that the defendant utilized any of the procedures spelled out in the Teacher Tenure Act to terminate the plaintiff.

We recognize that the plaintiff may not have been tenured. The record is silent on that point. However, even if the plaintiff did not have the necessary period of service to be tenured but was being terminated as a principal, she was entitled to the rights of a probationary teacher. Section 168.126, RSMo 1986. Those rights include being furnished "a written statement definitely setting forth [her] alleged incompetency and specifying the nature thereof, in order to furnish the teacher an opportunity to correct [her] fault and overcome [her] incompetency." Section 168.126.2, RSMo 1986. The record does not indicate that the defendant complied with § 168.126 before terminating the plaintiff.

Accordingly, we find that when the defendant terminated the plaintiff's employment, it was solely a termination of her employment as superintendent. Therefore, we confine our review to the question of whether § 536.150, RSMo 1986, the uncontested case provision of the Administrative Procedure and Review Act, permits the plaintiff to bring her breach of contract action or whether she must exhaust her administrative remedies under Chapter 536.

## DISCUSSION: DID THE TRIAL COURT LACK SUBJECT MATTER JURISDICTION?

■ In the Administrative Procedure and Review Act, Chapter 536, the General Assembly has defined "agency" as "any administrative ... body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases." Section 536.-010(1), RSMo 1986. The appellate courts of this state have repeatedly recognized school districts as "agencies" within the meaning of the Administrative Procedure

---

1. In full, the allegation of affirmative defense was: "[P]laintiff breached the terms of the contract herein by failing to provide reasonable services as Superintendent as required by said contract; by failing to perform in accordance with reasonable professional standards of the educational communities; and by failing to conform to the reasonable and proper regulations of Defendant District; and that said breach constitutes failure of consideration."

Act and have held that school board decisions concerning employee contracts were reviewable under Chapter 536. *See, e.g., Ross v. Robb,* 651 S.W.2d 680 (Mo.App. 1983), on transfer, 662 S.W.2d 257 (Mo. banc 1983) (tenured teacher termination); *Morrell v. Harris,* 418 S.W.2d 20 (Mo.1967) (building commissioner in urban school district where administrative hearing was held); *Franklin v. Harris,* 762 S.W.2d 847, 849 (Mo.App.1989) (school principal could challenge his demotion only under a Chapter 536 review); *Bell v. Board of Education of City of St. Louis,* 711 S.W.2d 950, 957 (Mo.App.1986) (tenured teacher serving as principal); *Brown v. Weir,* 675 S.W.2d 135, 142 (Mo.App.1984) (tenured teacher).

The common thread in most of those cases is that they were "contested cases" within the meaning of the Administrative Procedure Act. Section 536.010(2). *See, e.g., Brown,* 675 S.W.2d at 142. By definition, a "contested case" is a "proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010(2). Our supreme court has interpreted the requirement of a hearing as set forth in § 536.-010(2) to mean a hearing required "by constitutional provision, statute, municipal charter provision or ordinance." *State ex rel. Leggett v. Jensen,* 318 S.W.2d 353, 356 (Mo. banc 1958).

The "Teacher Tenure Act," §§ 168.102–130, RSMo 1986, includes provisions which require that the legal rights of permanent teachers concerning termination of their employment contracts be decided only after a hearing before the school board. Sections 168.116 and 168.118. The Act evidences a legislative intent to provide substantive and procedural safeguards with respect to tenured teachers. *Lindbergh School District v. Syrewicz,* 516 S.W.2d 507, 512[3] (Mo.App.1974). School principals are not excluded from the teacher tenure law, *Elrod,* 706 S.W.2d at 470, and when the employment contracts of school principals are at issue, the Administrative Procedure Act applies. *Bell,* 711 S.W.2d 950. It is clear that because of the grounds and procedures spelled out in the Teacher Tenure Act, disputes concerning termination of the contracts of teachers and principals are "contested cases" within the meaning of Chapter 536.

In support of its claim that a review by the Circuit Court following compliance with Chapter 536 procedures was plaintiff's exclusive remedy, the defendant cites various cases where the disputes involved the contracts of tenured teachers. Such cases do not lend any support to the defendant's position because school superintendents are not included in the Teacher Tenure Act. Indeed, by its express terms, superintendents are excluded from the protection of that act. Section 168.104(7), RSMo 1986.[2] The school board's authority to hire superintendents is found in § 168.201, RSMo 1986,[3] and that section is not part of the Teacher Tenure Act. In sharp contrast with the procedures and grounds which the legislature provided in the Teacher Tenure Act (§§ 168.102 to 168.130) for handling disputes involving the contracts of tenured teachers, the general assembly has enacted no legislation providing procedures and grounds for termination of fixed-term superintendents' contracts or for the contracts of other non-teaching personnel. There being no hearing required by law within the definition of § 536.010(2) regarding school board decisions to terminate the contract of employment of a superintendent, any judicial review of that decision under Chapter 536 would be review of an

---

**2.** Section 168.104(7) reads: "The following words ... when used in sections 168.102 to 168.130 ... mean:

....

(7) 'Teacher,' any employee of a school district, except a metropolitan school district, regularly required to be certified under laws relating to the certification of teachers, except superintendents and assistant superintendents."

**3.** By § 168.201, the legislature authorized school boards to "[e]mploy and contract with a superintendent for a term not to exceed three years ... and may employ such other servants and agents as it deems necessary, and prescribe their powers, duties, compensation and term of office...."

"uncontested" case. *Phipps v. School District of Kansas City*, 588 S.W.2d 128, 133 (Mo.App.1979). In *Phipps*, this court used the term *uncontested* to describe a case in which an administrative agency made a decision affecting the legal rights of a person, but no hearing was required by law as under § 536.010(2) and Rule 100.01(3). 588 S.W.2d at 133.

 In an uncontested case, a party whose rights are affected by the agency decision is entitled to judicial review of that decision pursuant to § 536.150, RSMo 1986. *Phipps*, 588 S.W.2d at 133. Section 536.-150 reads, in part:

1. When any administrative officer or body existing under the constitution or by statute ... shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person ... and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action....

2. Nothing in this section shall apply to contested cases reviewable pursuant to sections 536.100 to 536.140.

3. *Nothing in this section shall be construed* to impair any power to take summary action lawfully vested in any such administrative officer or body, or *to limit the jurisdiction of any court or the scope of any remedy available in the absence of this section.* (Emphasis added.)

The defendant argues that Chapter 536 and Rule 100.01 [4] preclude the circuit court from entertaining the plaintiff's common law remedy of breach of contract. We disagree. This court has stated that a school employee in an uncontested case was entitled to "judicial review" by the circuit court of the school district's decision pursuant to Chapter 536 and Rule 100.01 procedures. *Phipps v. School District of Kansas City*, 645 S.W.2d 91, 94–96 (Mo.App.1982) (*Phipps II*). However, we read nothing in *Phipps II* to indicate that the school board, as an administrative agency, has exclusive original jurisdiction in a contract dispute in an uncontested case. The plaintiff in the case before us might have chosen to appeal to the defendant about the decision to terminate her contract as superintendent and then sought judicial review of an adverse decision as an "uncontested case" pursuant to § 536.150. *See Phipps*, 645 S.W.2d at 94–96. However, for the reasons which follow, we have determined that was not her exclusive remedy or procedure.

First, we find that § 536.150.3, by its express terms, permitted the plaintiff to opt for judicial resolution of her claims for breach of contract from the start. That conclusion is drawn from the language in § 536.150.3 that "[n]othing in this section shall be construed ... to limit the jurisdiction of any court or the scope of any remedy available in the absence of this section." We read that language to be a clear legislative directive that, in an uncontested case, the party whose rights have been affected by an agency decision *may* have the decision reviewed pursuant to § 536.150.1, but the availability of that review does not exclude the circuit court from exercising its original jurisdiction over a civil case for breach of contract.[5]

Second, we note that a school board's contracts with its employees are in substantial measure subject to the same laws of contract as private contracts, Neely and Shinn, 20 Mo.Prac., *Administrative Practice and Procedure* § 1.04 (1986), and such contracts are governed by the ordinary rules of contract law, except as restricted by the Constitution or statutes. 78 C.J.S. *Schools and School Districts* § 148 (1952); *Elrod*, 706 S.W.2d at 471; *Adamick v. Ferguson–Florissant School District*, 483 S.W.2d 629, 632 (Mo.App.1972); *Lynch v. Webb City School District No. 92*, 418

---

**4.** Rule 100.01 reads, in part: "The provisions of sections 536.100 through 536.150, RSMo, shall govern procedure ... for judicial review of actions of administrative agencies...."

**5.** "The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." Mo. Const. art. 5, § 14; § 478.070 RSMo 1986.

S.W.2d 608, 614 (Mo.App.1967). Repeatedly the circuit courts of this state have entertained contract disputes between school districts and its employees under the courts' original jurisdiction. And, on appeal, no appellate court has refused to review the decisions because of lack of jurisdiction.[6] *See, e.g., Klotz v. Savannah R–III School District,* 747 S.W.2d 708 (Mo.App.1988) (action seeking declaratory judgment as to validity of superintendent's contract); *Vandever v. Junior College District of Kansas City,* 708 S.W.2d 711 (Mo.App.1986) (teacher action against junior college district for breach of employment contract, held presented question for jury trial); *Elrod,* 706 S.W.2d 465 (jury verdict for assistant principal with teacher tenure reversed because he failed to prove breach of contract; no lack of jurisdiction found sua sponte by appellate court); *Willett v. Reorganized School District No. 2,* 602 S.W.2d 44 (Mo.App.1980) (money judgment for superintendent sustained on his suit breach of employment contract suit); *Hoevelman v. Reorganized School District R2 of Crawford County,* 452 S.W.2d 298 (Mo.App.1970) (judgment for school bus driver on his breach of contract action reversed because the school board never authorized or agreed to the employment).

From the above, we believe it is clear that our appellate courts have consistently recognized that the disputes which arise from school district employment contracts (other than where a hearing procedure is required) is not an area where the legislature, by the scope of its enactment, has indicated an intention that the school board is to have exclusive jurisdiction. *See Barker v. Leggett,* 295 S.W.2d 836, 840 (Mo. banc 1956).

Finally, the defendant has cited us to *James v. City of Jennings,* 735 S.W.2d 188 (Mo.App.1987), and *Lafayette Federal Savings and Loan Association of Greater St. Louis v. Koontz,* 516 S.W.2d 502 (Mo.App.

1974). Those cases are clearly distinguishable upon their facts.

First, in *James* the plaintiff was denied an occupancy permit. There was no common law or statutory remedy for plaintiff to pursue and, initially, plaintiff appealed the denial to the city council. A hearing was held pursuant to ordinance. Thus, it was clearly a "contested case" and appeal from the agency's decision had to be pursuant to administrative procedure. However, no further appeal was taken by the plaintiff; instead, he brought a suit for money damages. A judgment entered pursuant to a jury verdict was set aside by the trial court on one count and the trial court directed a verdict for the city on another. On appeal, the action of the trial court was affirmed. In the *James* opinion there is dicta which reads as follows:

> As we read the ordinance of Jennings it requires a hearing and in fact one was given here. It makes no real difference however, both Sec. 536.140 (contested cases) and Sec. 536.150 (non-contested cases) require the court to determine whether the action of the administrative body is arbitrary, capricious, or unreasonable. Both sections involve a decision by the court, not by a jury.

*James,* 735 S.W.2d at 190. We do not read this as saying that when an uncontested administrative decision is made and a common law remedy is available that an affected party is precluded from initially opting to pursue the common law remedy. If the *James* language is so read, we decline to follow it because it is dicta and because of the plain language of § 536.150.

Second, in *Lafayette,* the plaintiff, pursuant to § 536.110, RSMo 1969, attempted to obtain an untimely judicial review of a decision of the Savings and Loan Commission granting a rival firm permission to establish a branch office in the vicinity of plaintiff's home office. Clearly, this was a "contested case." In contrast to the circuit

---

**6.** We find no school-employment contract case (except teacher tenure cases) where a litigant raised an issue of lack of trial court jurisdiction, but we believe that among the authors of the various opinions one might have felt obliged to raise, sua sponte, the issue of jurisdiction if it

had been perceived as lacking. *See, e.g., Patton v. Director of Revenue,* 789 S.W.2d 882, 884 (Mo.App.1990); *State ex rel. Webster v. San Juan Products, Inc.,* 728 S.W.2d 735 (Mo.App. 1987).

court in *Lafayette,* in the instant case, the circuit court had jurisdiction to act on the plaintiff's breach of contract action where she opted to initiate her action in that court rather than seek administrative review under § 536.150.

We hold that the trial court did have subject matter jurisdiction over the plaintiff's suit for damages for breach of her contract of employment as superintendent.

Judgment affirmed.