Michael STROZEWSKI, Appellant,

v.

CITY of SPRINGFIELD, Respondent.

No. 76407.

Supreme Court of Missouri,
En Banc.

April 26, 1994.

Timothy J. Harris, John R. Lewis, Springfield, for appellant.

Dennis Budd, Asst. City Atty., Springfield, for respondent.

HOLSTEIN, Judge.

Michael Strozewski, a Springfield, Missouri, firefighter, sought a declaratory judgment regarding his rights to pay and vacation benefits under the City's merit rules. A motion for summary judgment was filed by

the City and sustained by the trial court. The case was appealed to the Missouri Court of Appeals, Southern District. Following opinion, this Court granted transfer. *Rule 83.03.* Affirmed.

According to Strozewski's petition, he was employed as a firefighter commencing October 20, 1980. On August 3, 1981, his position was eliminated and he was laid off from work. The layoff continued until October 3, 1982, when he was reinstated. The total layoff time was one year and two months. When reinstated, his entry to employment was treated as December 20, 1981, one year and two months later than October 20, 1980.

Under Springfield Merit Rule 12.2(f), "[a] layoff of more than one year shall constitute a break in service with the city; however, for layoffs occurring during fiscal year 1981–82, a break in service with the city shall occur only if the layoff is more than two years." Strozewski's petition claims that because his layoff occurred during the 1981–82 fiscal year, he was entitled to credit for the period of layoff for purposes of determining his wages and accrual of vacation.

There are five steps in the firefighter's pay scale. Assignment to a pay step is based on longevity. A new firefighter is placed on Step One and proceeds through successive steps each year on the anniversary of the employment. In Strozewski's petition he claims that he should have progressed through the steps so as to have moved to Step Five commencing October 20, 1984. He claims that after being reinstated, his advancement through the steps was delayed fourteen months at each step so that he was not placed on Step Five until December 20, 1985. This lawsuit was filed April 27, 1992, seven years after Strozewski claims he could have been elevated to Step Five and six years after Strozewski actually was elevated to Step Five. The petition contains no allegations of any lost benefits since December 20, 1985. It also fails to claim that he will in the future be denied benefits.

The City's motion for summary judgment raised several grounds for dismissal. Among those was that Strozewski had failed to exhaust his administrative remedies and that the statute of limitations, *§ 516.120(1),* *RSMo 1986,* had expired. The trial court, in a somewhat equivocal ruling, stated, "[T]here are other remedies set forth in [the City's] regulations ... [and] there has been no evidence that the plaintiff has pursued these remedies.... I'm sustaining the motion for summary judgment purely and simply on the five-year statute of limitations."

The sole issue raised by Strozewski on appeal is a claim that the statute of limitations had not run on the claim he asserts in his petition for declaratory judgment. The City counters by arguing that not only had the statute of limitations run but that Strozewski failed to exhaust his administrative remedies. The exhaustion of remedies issue must be addressed first because it is one of subject matter jurisdiction. *Green v. City of St. Louis,* 870 S.W.2d 794, 796 (Mo. banc 1994). If the trial court lacked subject matter jurisdiction, its proceedings are absolutely void and the only recourse was to dismiss the cause. *Collins & Assoc. Dietary Consultants, Inc. v. Labor & Indus. Relations Comm'n,* 724 S.W.2d 243, 245 (Mo. banc 1987). In addition, if the trial court lacked jurisdiction, its declarations regarding the statute of limitations are a nullity.

Any analysis of administrative procedure begins with *Mo. Const. art. V, § 18,* which states in part: "All final decisions, findings, rules and orders on [sic] any administrative officer or body existing under the constitution or by law, which are *judicial* or *quasijudicial* and affect private rights, shall be subject to direct review by the courts as provided by law." (Emphasis added.)

Chapter 536 provides the statutory framework for judicial review of administrative decisions. When legal rights are required by law to be decided after a hearing, the proceeding is a "contested case." *§ 536.-010(2), RSMo 1986.* In a contested case, administrative remedies must be exhausted prior to judicial review. *§ 536.100, RSMo 1986.* By contrast, an administrative decision is uncontested if the decision is made without any requirement of an adversarial hearing at which a measure of procedural formality is followed. *Hagely v. Board of Educ. of Webster Groves,* 841 S.W.2d 663, 668

(Mo. banc 1992). Decisions in uncontested cases are subject to judicial review if the decision affects "the legal rights, duties or privileges of any person." *§ 536.150.1, RSMo 1986.* That statute has no requirement of exhaustion of administrative remedies. Indeed, it provides, "Nothing in this section shall be construed ... to limit the jurisdiction of any court or the scope of any remedy available in the absence of this section." *§ 536.150.3.* Thus, exhaustion of administrative remedies is not a jurisdictional prerequisite in uncontested cases. *See Kish v. Chilhowee R–IV Sch. Dist.,* 814 S.W.2d 649, 653 (Mo.App.1991).

■ It is not clear from Strozewski's petition how the employment step assignment was made following his reinstatement, although it does not appear to be the result of any judicial or quasi-judicial decision. It appears instead to have merely been a ministerial or clerical act. Nevertheless, if Strozewski has a legal right to a hearing to challenge the step assignment, he must first exhaust his administrative remedy before seeking judicial relief.

No statute or constitutional provision is cited or found that requires a hearing to determine the step assignment of a reinstated firefighter. However, the City claims that under its merit system rules and regulations, which have been adopted as an ordinance, appellant could have pursued either a grievance or a direct appeal to the personnel board. The latter remedy was not available. In order to appeal to the personnel board, Strozewski must establish that he was "demoted, suspended or reduced in compensation." *Merit Rule 13.4(a).* Strozewski makes no claim that he was improperly suspended or that he suffered a reduction in compensation. A demotion, as that term is used in the merit system regulations, refers to a movement of an employee to a position in a "lower class" which, in turn, means "a class having a pay grade lower than the pay grade of the position in which the individual is employed." *Merit Rule 10.3(a).* Here there is no claim that Strozewski ever moved from a higher rate of pay to a lower rate. His claim is that he did not advance to the next higher rate as early as he should have.

Thus, he was not demoted, suspended or reduced in compensation.

However, there is little question that appellant could have pursued the City's grievance procedure to challenge the step assignment. A grievance is said to exist "when an employee feels dissatisfied or annoyed with some aspect of his work over which he has no control." *Merit Rule 13.5(a).* The steps in that procedure include complaining to the supervisor, then if dissatisfied, appealing in writing to the department head, setting forth the sections of the manual on which the grievance is based and, if still unsatisfied, appealing to the city manager. *See Merit Rule 13.5(c).* This procedure is almost identical to that set out in *Merit Rule 23.2,* which provides in part, "Any employee shall have the right to the consideration of any request he may have with respect to application of the Classification and Compensation Plans to his position."

While the grievance procedure provides a method for communicating complaints through ascending levels of management, the absence of formality deprives it of the adversarial quality that is characteristic of a contested case. No notice of hearing is required, no real hearing occurs before a tribunal at which evidence is presented, tested and refuted, and no evidentiary record is maintained for purposes of judicial review. The grievance procedure does not provide for the kind of hearing that qualifies it as a contested case. Thus, exhaustion of the grievance procedure is not a prerequisite to judicial review.

■ This returns us to the question of the statute of limitations. Section 516.120(1) imposes a five year limitation period on all "actions upon contracts, obligations or liabilities." Appellant concedes that the five year statute of limitations of section 516.120(1) applies to his claim. The alleged miscalculation of longevity occurred in 1982. However, he argues that his entire claim did not accrue when he was reinstated in 1982. He says he has "suffered injury each time that his wage has been calculated using the incorrect pay step." Thus, his cause of action accrued "upon each tendering of the incorrect wages." Assuming that is a correct conclu-

sion of law, Strozewski's petition also alleges he has been at Step Five since December 20, 1985. So his wages and vacation were calculated using the correct step for over six years before appellant sought declaratory judgment in 1992. It follows that he has suffered no injury since 1985, and his claim is clearly barred by the statute of limitations.

The judgment of the trial court is affirmed.

COVINGTON, C.J., and BENTON and ROBERTSON, JJ., concur.

PRICE, J., concurs in result in separate opinion filed.

THOMAS and LIMBAUGH, JJ., concur in opinion of PRICE, J.

PRICE, Judge, concurring in result.

I concur with the result reached by the majority, but disagree with the reasoning. I believe that the petitioner was required to exhaust his administrative remedy provided by the city merit rules.

Citing *Kish v. Chilhowee R–IV Sch. Dist.*, 814 S.W.2d 649, 653 (Mo.App.1991), the majority finds no exhaustion requirement in § 536.150 that provides for judicial review of non-contested hearings. I believe *Kish* and the majority decision fail to give effect to the plain language of § 536.150(1), which allows for review only of "a decision which is not subject to administrative review." Two other court of appeals' decisions have held that this language requires exhaustion.

In *State ex rel. Forget v. Franklin County,* 809 S.W.2d 430, 434 (Mo.App.1991), the Eastern District noted:

Appellants also claim that RSMo § 536.-150 of the Administrative Procedure Act provides jurisdiction in this case. Even had appellants presented this issue to the trial court below, which they did not, it would not help them. RSMo § 536.150 expressly applies only when the decision of an administrative body is "not subject to administrative review." As previously stated, RSMo § 64.870 provides an adequate procedure for review. *See American Hog Company v. County of Clinton,* 495 S.W.2d 123, 126 (Mo.App., K.C.D. 1973).

In *St. Peters v. Dept. of Nat. Resources,* 797 S.W.2d 514, 516 (Mo.App.1990), the Western District noted, in reference to § 536.150, that:

The statute quite clearly allows for review in cases where a decision has been rendered by an administrative body and where that decision is not subject to administrative review and no other provision for judicial inquiry exists. In other words, the City of St. Peters must exhaust its rights to administrative review in order to invoke this section.

In short, the statutory restriction within § 536.150 as to our jurisdiction to review only "a decision which is not subject to administrative review" in uncontested cases can no more be ignored than the language of § 536.100 requiring that the aggrieved party has "exhausted all administrative remedies" prior to judicial review in contested cases.

The majority attempts to avoid the language of § 536.150(1) by focusing solely on § 536.150(3). That section does indeed provide that "Nothing in this section shall be construed ... to limit the jurisdiction of any court or the scope of any remedy available in the absence of this section." (Emphasis supplied.) They ignore the underlined language, however. Strozewski has no contract or other claim against the city. *Amaan v. City of Eureka,* 615 S.W.2d 414, 415 (Mo.1981). His only claim arises from the city's administrative rules and regulations regarding employment. Strozewski's only right to pursue these claims arises out of § 536.150, not "in the absence" of it. The majority's overreading of § 536.150(3) results in rendering the § 536.150(1) requirement of "a decision which is not subject to administrative review" a nullity. It is not permissible for us to delete by interpretation express statutory language.

Even if the literal language of § 536.150 did not require exhaustion, judicial policy would. As noted by Neely and Shinn in 20 *Mo. Prac., Administrative Practice and Procedure,* § 13.04, p. 333:

As a general matter one may not turn to the judiciary for relief in the face of threatened, ongoing or even potential adminis-

trative action if there are administrative remedies available which have not been exhausted. This doctrine of exhaustion of administrative remedies is in essence a rule of judicial administration whose object is the preservation of institutional efficiency in the relationships between agencies and courts. It is designed to preclude premature and potentially unnecessary judicial intervention in the administrative process, and the courts will not leave it to the parties to assure that this objective is realized.

While there may be many exceptions to the application of the requirement of exhaustion of administrative remedies, none has been shown here that would override these traditionally respected principles.

I fear that the majority's holding threatens great harm to our system of judicial review of administrative actions. No longer will complaints that do not rise to the level of a contested case be resolved informally within administrative agencies. Instead, our courts will be subject to a flood of litigation over matters not deemed significant enough by law to require a contested case hearing in an administrative setting. While the rest of the legal community attempts to streamline our legal process into one of more efficient problem-solving through less formal methods, this decision cuts squarely the wrong way.

I believe that Strozewski's claim should be dismissed because he failed to exhaust his administrative remedies.