**STATE ex rel. COUNTY OF JACKSON, Respondent,**

v.

**PUBLIC SERVICE COMMISSION and Missouri Gas Energy, Appellants,**

and

**Office of Public Counsel and Midwest Gas Users Association, Respondents.**

Nos. WD 57089, WD 57147.

Missouri Court of Appeals, Western District.

Jan. 11, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 29, 2000.

Application for Transfer Denied April 25, 2000.

---

Thomas Schwarz, Gary Duffy, Jefferson City, for appellant.

Lelia Dietiker, Kansas City, Douglas Micheel, Jefferson City, Stuart Conrad, Kansas City, for respondent.

PAUL M. SPINDEN, Presiding Judge.

The Public Service Commission (PSC) and Missouri Gas Energy (MGE) appeal the circuit court's judgment to issue a writ prohibiting the PSC from proceeding with a rehearing of a public utility case involving MGE. The circuit court issued the writ in response to a petition for review filed by Jackson County, the Office of Public Counsel, and Midwest Gas Users Association (MGUA) pursuant to § 386.510, RSMo 1994. We reverse the circuit court's judgment.[1]

On October 3, 1997, MGE filed with the PSC proposed revisions to its tariffs to initiate a general rate increase for gas service. It also filed proposed changes regarding its Facilities Extension Policy. The PSC numbered the rate case GR–98–140 and numbered the policy changes case GT–98–237. It allowed Jackson County, the Office of Public Counsel and MGUA to intervene in both cases.

After hearings in May and June 1998, the PSC issued its decision on August 21, 1998, in which it authorized MGE to file revised tariff sheets designed to increase revenues by $13,217,754 a year. On August 26, 1998, the PSC issued a corrected order changing the increased revenue requirement to $13,297,499 a year.

1. MGUA filed a motion to dismiss the appeal asserting that the appeal was nothing more than a motion for reconsideration of the denial of the writs of prohibition by this court and the Supreme Court (*see* Footnote 2) and that the appeal is moot because the circuit court has completed its review of the decision and found it to be unlawful. We deny MGUA's motion to dismiss. The PSC and MGE's appeal is not a motion for reconsideration of a denial of a peremptory writ, and, therefore does not violate Rule 84.24(m). Moreover, because we conclude that the circuit court lacked jurisdiction to proceed with the writs of review, it renders any decision on the merits by the circuit court void. *Strozewski v. City of Springfield*, 875 S.W.2d 905, 906 (Mo. banc 1994)

On September 1, 1998, Jackson County, the Office of Public Counsel, MGUA, and MGE filed separate applications for rehearing pursuant to § 386.500, RSMo 1994. On December 8, 1998, the PSC denied the applications of Jackson County, the Office of Public Counsel and MGUA. It denied part of MGE's application and granted part of it. It scheduled a hearing for January 12, 1999, to consider the issues that the PSC agreed to rehear. The PSC made December 8, 1998, the effective date of its order.

On December 16, 1998, Jackson County and MGUA filed separate petitions for writ of review with the Cole County Circuit Court. On the same day, the circuit court issued writs of review pursuant to § 386.510 in both cases. MGE entered a special appearance on December 22, 1998, in both cases and filed a motion to dismiss for lack of subject matter jurisdiction. On December 24, 1998, the PSC also filed a motion to dismiss or, in the alternative, to quash the writs of review. The circuit court denied MGE's and the PSC's motions. The PSC cancelled its scheduled hearing for January 12, 1999.[2]

In the meantime, the Office of Public Counsel filed an application for writ of review in the circuit court on January 7, 1999. MGE also filed an application for writ of review on January 7, 1999. MGE noted that it was filing solely as a precautionary measure because it still maintained that the circuit court did not have subject matter jurisdiction.

On January 12, 1999, the PSC issued an order rescheduling the rehearing for January 25, 1999. On January 22, 1999, Jackson County filed its first amended petition for writ of review and a petition for writ of prohibition with the circuit court. The circuit court ordered the PSC to cease all proceedings in the case, and the PSC cancelled the rehearing. On January 27, 1999, the circuit court issued a preliminary writ of prohibition to replace its order. On February 23, 1999, the circuit court issued a permanent writ of prohibition, judgment and order and certified that its judgment in prohibition was final for purpose of appeal although the issues involving the reasonableness and lawfulness of the PSC's decisions in the writs of review remained with the circuit court for disposition. The PSC and MGE appeal.

■ Sections 386.500 and 386.510 govern procedures concerning applications for rehearing before the PSC and writs of review before the circuit court. Section 386.500.1 says, "After an order or decision has been made by the commission, the public counsel or any corporation or person or public utility interested therein shall have the right to apply for a rehearing in respect to any matter determined therein[.]" Section 386.500.2 further instructs, "No cause or action arising out of any order or decision of the commission shall accrue in any court to any corporation or the public counsel or person or public utility unless that party shall have made ... application to the commission for a rehearing." Concerning writs of review, § 386.510 says:

Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review (herein referred to as a writ of review) for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined.

The General Assembly obviously contemplated in § 386.500.1 what occurred in this case: that several parties might file

---

2. On January 5, 1999, the PSC and MGE jointly filed a petition for writ of prohibition with this court, and we denied it. They then filed a petition for writ of prohibition with the Supreme Court, and the court denied it.

applications for rehearing. The General Assembly phrased § 386.510 in the singular ("the applicant"), but that does not support a notion that, in a multiple party case, any one of the parties whose application for rehearing is denied can seek immediate redress in circuit court notwithstanding the PSC's granting another party's application for rehearing. Such a notion flies in the face of the General Assembly's contemplation that parties first seek redress with the PSC before taking the matter to the circuit court.

Yet, the respondents urge us to construe § 386.510 in a way that would permit the *circuit court to take a matter away from the PSC before the PSC could take any steps to correct its earlier action.* Although the PSC rejected the issues raised by the respondents in their motions for rehearing, the PSC granted rehearing in the case and was endeavoring to reconsider certain issues when the appellants convinced the circuit court to "pull the plug" on the process.

■ "This Court will not assume the legislature intended an absurd or unreasonable construction of the statutes." *Dierkes v. Blue Cross and Blue Shield of Missouri,* 991 S.W.2d 662, 669 (Mo. banc 1999). To construe § 386.510 in the way urged by the respondents would require us to assume that the General Assembly intended an unreasonable, if not absurd, process of judicial review: that the General Assembly wanted to reserve judicial review of PSC decisions to cases in which the PSC had an opportunity to correct its mistakes except *for multiple party cases in which the PSC granted only one application for rehearing.* In the latter cases, the respondents argue, the circuit court would be free to undertake judicial review before the PSC could act. We reject the notion as an absurd interpretation of the statute.

■ Faced with the applications for rehearing in this case, the PSC had only two options: either grant rehearing or deny it. It opted to grant rehearing, but only on issues raised in MGE's application. Regardless of how many applications for rehearing were filed, the PSC's granting rehearing in response to one application in effect granted rehearing to all applicants. The PSC acknowledges this:

> [T]here is no basis for the Respondents' ... assertion that the rehearing would be "without the presence or involvement of the appealing party." The Respondents are apparently suggesting they would be barred from the rehearing. Their failure to appear can only arise from self-imposed isolation. The Appellants know of no statute or rule which would bar a party from participating in a rehearing.

Because the PSC granted MGE's application for rehearing, it necessarily granted a rehearing to the other parties, too.

The PSC was free to restrict the issues to be considered in its rehearing. It was not obligated to consider all of the issues raised by the parties in their applications for rehearing. The PSC was obligated to grant a rehearing only "if in its judgment a sufficient reason" existed.[3] Section 386.500.1.

Hence, § 386.510 did not authorize Jackson County, the Office of Public Counsel and MGUA to file their petitions for writ of review when they did. Section 386.510 says that "within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court ... for a writ of certiorari or review[.]" The PSC has not rendered a decision after rehearing. The circuit court should have dismissed the petitions for writ of review

3. To preserve the right to a review by the circuit court, each party must file an application for rehearing and set forth the specific grounds on which it considers the PSC's order or decision to be unlawful, unjust or un-

reasonable. Section 386.500.2. The party is restricted at the writ of review proceeding to the grounds set forth in its application for rehearing. Section 386.500.2.

as premature. The circuit court lacked jurisdiction to consider them.

The respondents rely heavily on *State ex rel. Kansas City, Independence and Fairmount Stage Lines Company v. Public Service Commission*, 333 Mo. 544, 63 S.W.2d 88 (1933), as support for its construction of § 386.510. *Stage Lines* is not at all applicable to this case. *Stage Lines* did not involve multiple parties filing separate applications for rehearing, and the PSC had not granted a rehearing. In *Stage Lines*, the PSC entered a supplemental order, and, contrary to the respondents' contentions, a supplemental order is not the same as the granting of a rehearing.

Because the PSC granted a rehearing, the petitions for writ of review filed by Jackson County, the Office of the Public Counsel, and MGUA were premature. To be heard on appeal, Jackson County, the Office of the Public Counsel and MGUA must continue as parties in the PSC's rehearing and must wait until the PSC has made its decision on rehearing before applying to the circuit court for a writ of review. The circuit court erred in not dismissing their petitions as prematurely filed. We, therefore, reverse its judgment and dissolve its writ of prohibition. We dismiss the petitions for writ of review filed by Jackson County, the Office of the Public Counsel and MGUA.

HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge, concur.