**Mary Ellen Thompson McDONALD, Plaintiff,**

v.

**Mark Allen THOMPSON, Respondent,**

**State of Missouri, Department of Social Services, Division of Child Support Enforcement, Appellant.**

No. 23537.

Missouri Court of Appeals, Southern District, Division One.

Jan. 26, 2001.

Tabitha Sample, Springfield, Attorney for Appellant.

Russell A. Ward, Joplin, Attorney for Respondent.

SHRUM, Judge.

Mark Allen Thompson ("Father") filed motions in the Jasper County Circuit Court seeking to quash administrative orders issued by the Division of Child Support Enforcement ("Division"). Specifically, Father moved to quash orders that (1) triggered seizure of his federal income tax refunds and (2) directed Father's employer to withhold wages. As grounds for such relief, Father alleged he had paid all child support sums due Mary Ellen Thompson McDonald ("Mother"). The trial court sustained both motions to quash and entered judgments accordingly. Division appeals. We quash the judgment relating to Division's income tax refund action. We reverse and remand the judgment that quashed Division's "Income Withholding Order."

Father's claim of entitlement to relief from Division's child support collection efforts is grounded in an Administrative Hearing Officer's decision rendered in 1995.[1] In his motions, Father alleged the hearing officer ruled Mother had "committed welfare fraud and had not been the custodian of [the] minor child [for whom support had been ordered] and . . . therefore was not entitled to receive the child support payments." Additionally, he alleged the hearing officer had ordered Division to recalculate his child support arrearages in accordance with the 1995 decision,

---

1. Father's motion alleged the administrative decision upon which he relies was rendered April 11, 1995. However, from statements in the parties' respective briefs and their cita-tions to the legal file, it is clear that the administrative decision at issue was rendered July 19, 1995, following a hearing on April 11, 1995.

but Division had refused and was still trying to collect amounts Father did not owe.

Division moved to dismiss Father's motions to quash on the theory that the court lacked subject matter jurisdiction. In the motions, Division alleged Father had failed to exhaust all administrative remedies available to him before filing his motions to quash; consequently, any action by the circuit court was "null and void."

With regard to its "Administrative Offset and Federal Tax Refund Offset" action, Division alleged in its motion to dismiss that it had mailed Father a letter on October 26, 1998, advising him (1) his child support arrearage amount was $12,196, (2) if he failed to pay the total amount within a specified amount of time, a "Federal Income Tax Refund Offset and/or Administrative Offset" would take effect to collect the arrearage amount, and (3) he could request an administrative hearing to dispute the agency's action by November 26, 1998. Further, Division alleged that Father did not request administrative review of the tax intercept notice by November 26, 1998; consequently, Father waived his rights to judicial review of Division's decisions regarding (a) arrearage amounts and (b) seizure of income tax refunds.

In a second motion to dismiss that dealt with Father's effort to quash Division's "Income Withholding Order," Division alleged such order was issued "against [Father's] wages" on October 12, 1999. Division further alleged this occurred when it directed Father's employer to deduct certain sums from Father's wages and send such deductions to Division. Continuing, Division's motion alleged that, "[w]ith this

mailing, [Division] forwarded a request for hearing to [Father]." Division next alleged: "Rather than request an administrative hearing, [Father] filed a Motion to Quash with the Circuit Court of Jasper County on or about October 12, 1999."

Preliminarily, we note that Father and Division attached documents to their respective motions that appear to have been generated by Missouri's Department of Social Services, including Division. However, none of the documents were put in evidence. With one irrelevant and arguable exception, neither party adduced evidence in any form to support the allegations made in their motions.[2] Moreover, the record is devoid of any stipulations by the parties. Inexplicably, the parties simply appeared before the trial judge, argued their respective positions, and submitted their case on the pleadings and argument.

Appellate review of a trial court's judgment is limited to evidence that was properly before the trial court. *Estate of Russell,* 932 S.W.2d 822, 827[6] (Mo.App. 1996). In that regard, appellate courts do not look to pleadings as evidence, *In re McDonald Revocable Trust,* 942 S.W.2d 926, 933[14] (Mo.App.1997) and will not accept counsel's statements as a substitute for record proof. *In re Marriage of Wright,* 990 S.W.2d 703, 707[2] (Mo.App. 1999). Recitals in motions and statements in briefs, when unsupported by the record and not conceded by a party's adversary, are not evidence; as such, they are insufficient to supply essential matters for review. *Flora v. Flora,* 834 S.W.2d 822, 823[3] (Mo.App.1992). On the other hand, where a statement of fact is asserted in one party's brief and conceded to be true

---

2. The possible exception is exhibit "A," a certified copy of the record of Father's child support payments as maintained by the Jasper County Circuit Court. During Father's argument, the trial judge inquired: "You want to argue? You want to call witnesses or what?" Father's counsel answered: "No, Your Honor. I'll just make an argument and submit one exhibit." Later, Division's counsel was asked, "[D]o you have any objection to this Exhibit A." She responded, "No, I don't." Even so, the trial court never made any announcement regarding the admission of exhibit A, and the court reporter did not record it as an admitted exhibit.

in the adversary's brief, we may consider it as though it appears in the record. *Nastasio v. Cinnamon*, 295 S.W.2d 117, 119[1] (Mo.1956); *In re Estate of Lynn*, 890 S.W.2d 694, n. 1 (Mo.App.1995).

Here, the statement of facts in Division's brief is not expressly adopted by Father in his brief. Even so, Father's brief cites and relies on the 1995 administrative decision to support his argument despite the fact the only place such decision can be found is as an attachment to Division's motion. Under the circumstances, we consider that document as though it appears in the record. *See State ex rel. Dankelson v. Holt*, 994 S.W.2d 90, 94[3], n. 5 (Mo.App.1999).

In its brief, Division cites and relies on notices attached to Father's motions, although such notices were never put in evidence. Specifically, the referenced attachments are (a) Division's October 26, 1998, notice to Father that his income tax refund would be seized, and (b) Division's "income withholding order," dated October 7, 1999, which was directed to Father's employer. For the reasons stated in the preceding paragraph, we consider these two administrative agency notices as though they appear in the record.[3] *Id.*

We turn now to Division's single point. It recites:

"The trial court erred in sustaining [Father's] motion[ ] to quash ... because the trial court was without jurisdiction in that [Father] failed to exhaust his administrative remedies by failing to request an administrative review of the agency's October 26, 1998 decision and the agency's October 7, 1999 decision

before he sought relief from the trial court."

Division's authority to enter an "administrative order in accordance with the court order" ("AOEO") relating to child support arrearages is found in § 454.476.1.[4] Once Division enters an AOEO, it must "issue an order directing an employer or other payor to withhold and pay over money due or to become due to the obligated parent as set out in section 454.505." § 454.476.3. As a procedural requirement, any withholding order issued by Division must be accompanied by notices to affected parties as prescribed in 454.505.3:

"3. An order entered pursuant to this section shall be served on the employer or other payor by certified mail, return receipt requested or may be issued through electronic means.... *A copy of the order and a notice of property exempt from withholding shall be mailed to the obligor at the obligor's last known address. The notice shall advise the obligor that the withholding has commenced and the procedures to contest such withholding pursuant to section 454.475 ... by requesting a hearing thirty days from mailing the notice.*" (Emphasis added).

When an obligor contests Division's withholding order, the initial remedy afforded such obligor is a hearing conducted pursuant to the Missouri Administrative Procedure Act, Chapter 536, RSMo 1994 ("the Act"), by "administrative hearing officers designated by the Missouri department of social services." § 454.475.1.

Here, Father did not request an administrative hearing or follow the Act in con-

---

**3.** We emphasize that the *only* notice attached to Father's motion attacking Division's October 7, 1999, Income Withholding Order was the notice given Father's employer. A notice by Division to Father advising him of procedures to contest such withholding order was never before the court, even as an attachment

to motions. The relevance of this observation is explained later in the opinion.

**4.** All statute references are to RSMo Cum. Supp.1997, unless otherwise indicated.

testing the two administrative orders at issue. To the contrary, Father went directly to the circuit court and filed his motions to quash without seeking administrative review of Division's orders and without going through an administrative hearing pursuant to § 454.475. Division argued to the trial court and now on appeal that the doctrine of exhaustion of administrative remedies applied and deprived the trial court of subject matter jurisdiction to hear the motions to quash.

"The exhaustion of administrative remedies doctrine is rooted in sound policy, as well as in both the state constitution and statutes."[5] *Farm Bureau Town & Country Ins. v. Angoff*, 909 S.W.2d 348, 352 (Mo.banc 1995). The applicable statute, § 536.150, RSMo 1994, provides for judicial review only for a person "who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case." *Id.*

The policy reasons for the exhaustion doctrine have been stated as follows:

" 'Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.' "

*Id.* (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975)).

■ The doctrine of exhaustion of remedies requires that where an adequate remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts can act. *Sperry Corp. v. Wiles*, 695 S.W.2d

471, 472 (Mo.banc 1985); *Gershman v. St. Louis County*, 963 S.W.2d 290, 293[5] (Mo. App.1997). The issue of exhaustion of remedies is one of subject matter jurisdiction. *Strozewski v. City of Springfield*, 875 S.W.2d 905, 906 (Mo.banc 1994). However, application of the rule "presuppose[s] an *adequate* administrative remedy." *Angoff*, 909 S.W.2d at 352. (Emphasis added).

Father does not dispute the doctrine of exhaustion of administrative remedies. He does dispute its application here.

■ First, Father argues there is no longer a viable controversy susceptible of relief regarding the income tax withholding order. Specifically, Father says his 1998 federal income tax refund was intercepted and paid to Mother in June 1999, some four months before the circuit court entered the judgment from which Division appeals. With that said, Father insists all issues relating to the income tax withholding order are moot and urges dismissal on that basis. *See Duffe v. Zych*, 676 S.W.2d 70, 72 (Mo.App.1984) (holding the existence of an actual and vital controversy susceptible of relief is essential to appellate jurisdiction). This argument fails, however, because it ignores what the record shows, namely, Division's notice to Father regarding seizure of his income tax refund was not limited to his 1998 income tax refund; it covered his future income tax refunds. Specifically, the subject notice (attached to Father's motion to quash) advised, *inter alia*:

"Your debt will remain subject to collection by Federal Tax Refund Offset and/or Administrative Offset until it is paid in full. This means that Federal Tax Refunds and certain other Federal payments due to you now or in the future will be offset without further prior notice."

---

**5.** It is only *"final decisions, rules and orders"* of an administrative agency that are subject to review as provided by law. *Mo. Const. art. V, § 18.*

The scope of the Tax Refund Offset and/or Administrative Offset, as stated in the notice, demonstrates the fallacy in Father's "mootness" argument. We reject his request for dismissal of the appeal on that basis.

■ It is clear from the record that Father was timely notified of the Administrative Offset and Federal Tax Refund Offset action taken by Division on October 26, 1998. It is equally clear that § 454.475.1 provided an adequate administrative remedy to Father to contest the Administrative Offset and Federal Tax Refund action commenced by Division, but Father failed to exhaust such remedies before filing his motion to quash in circuit court. It follows, therefore, the trial court lacked subject matter jurisdiction when it quashed Division's order of October 26, 1998, which intercepted Father's federal income tax refunds. *See Doody v. State, Department of Social Services, Div. of Child Support Enforcement,* 993 S.W.2d 563, 567 (Mo.App. 1999).

■ Second, Father argues he was not required to exhaust his administrative remedies before challenging the October 7, 1999, wage withholding order because Division failed to notify him of the issuance of the order or his rights to a hearing thereon. He begins his argument as follows:

> "The critical issue is whether . . . the trial court had jurisdiction to hear [Father's] motion to quash. [Father] acknowledges that if [Division] could prove compliance with the notice requirements of RSMo. 454.505(3), that this matter

would be a contested case and judicial review would have only been available under RSMo. 536.140. However, *under the unique facts of this case,* [Father] contends he was entitled to direct judicial review of the actions of [Division] herein." (Emphasis added).

Father's assertion of "uniqueness" stems from the fact that *no* evidence was put before the trial court on the issue of whether Division sent Father the § 454.505.3 notice, i.e., notice advising him of the procedures to contest the withholding order. In the absence of record proof that Division sent the § 454.505.3 notice, Father urges this court to conclude Division never gave the notice and by such failure, "converted what would have been a contested matter into an uncontested one." He contends that "[s]ince no opportunity for administrative review was extended, there can be no hearing and the matter is an uncontested case." With that as his premise, Father points to § 536.150.1, RSMo 1994, as the applicable statute and claims it vests the trial court with jurisdiction to hear the motion to quash.[6]

Division's apparent solution to the § 454.505.3 notice issue is to ignore the record, or worse yet, mislead this court regarding what the record shows. Division does so by baldly stating in its brief that Father "was notified in writing of his right to request an administrative hearing and provided a form with which to request an administrative hearing" when *nothing in the record* supports such claim.[7] "Matters dehors the record are not considered in the course of appellate review." *Brawley & Flowers, Inc. v. Gunter,* 934 S.W.2d 557, 561[6] (Mo.App.1996).

---

6.  In part, § 536.150.1, RSMo 1994, provides: "1. When any administrative . . . body . . . [renders] a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person . . . and there is no other provision for judicial inquiry . . . or review . . ., such decision may be reviewed by suit for injunction . . . or other appropriate action."

7.  Division's assertion that it notified Father of his procedural rights is made in both the facts section and argument portion of its brief. In neither instance does Division give page citations to the transcript or legal file to support its claim. This is understandable as Division's claims are unsupported by the record.

Even so, subject matter jurisdiction is at issue here. The actions and proceeding of a trial court without subject matter jurisdiction are void and the only recourse is to dismiss the cause. *Strozewski*, 875 S.W.2d at 906. Resolution of the subject matter jurisdiction issue turns on a factual question, i.e., did Division send Father a notice of its wage withholding action that complied with § 454.505.3? That issue was squarely put before the trial court by Division's motion to dismiss, yet neither party presented evidence which would allow the trial court, or now this court, to decide the question. Accordingly, we reverse the judgment that sustained Father's motion to quash Division's October 7, 1999, "Income Withholding Order" and remand for an evidentiary hearing. In so doing, we expressly decline to address Father's argument that, absent a § 454.505.3 notice, he was entitled to file his motion to quash Division's October 7, 1999, order without exhausting his administrative remedies. We decline because if the trial court finds upon remand that Division sent Father the § 454.505.3 notice, then Father agrees (via his brief filed with this court) that the trial court would not have subject matter jurisdiction. For this court to decide in advance the effect of Division's possible failure to send Father a § 454.505.3 notice would be to render an advisory opinion, which we will not do. *Hawkeye–Security Ins. Co. v. Davis*, 6 S.W.3d 419, 427 (Mo.App.1999).

Because the circuit court lacked subject matter jurisdiction to rule Father's motion to quash Divisions "Administrative Offset and Federal Tax Refund Offset" order of October 26, 1998, we quash the judgment which sustained such motion. Upon remand, the trial court shall dismiss this motion. Because there is no evidence from which it can be determined if the trial court had subject matter jurisdiction over the motion to quash Division's October 7, 1999, "Income Withholding Order," we reverse the judgment sustaining that motion to quash and remand for an evidentiary hearing thereon.

PARRISH, P.J., and MONTGOMERY, J., concur.