Larry R. PEARMAN, Appellant,

v.

**DEPARTMENT OF SOCIAL
SERVICES, Respondent.**

No. WD 57408.

Missouri Court of Appeals,
Western District.

May 23, 2000.

Rehearing Denied June 27, 2000.

Larry Pearman, Independence, pro se.

Lawrence D. Love, Richard Parker, Independence, for respondent.

## PAUL M. SPINDEN, Judge.

This circuit court dismissed Larry Pearman's petition for judicial review because he did not appear for a hearing on his petition. Because an evidentiary hearing is not a necessary, or even a common, part of judicial review, we reverse the circuit court's judgment and remand the case to it so it can conduct a proper judicial review on the record.

Pearman asked the circuit court to review a decision by the director of the Division of Family Services to deny his request for food stamps. The director found that Pearman did not provide verification of his income after he was advised that his application for food stamps would be rejected without it. The director certified the record of the division's proceedings to the circuit court, and the circuit court set Pearman's petition for a hearing..

The circuit court dismissed his petition for failure to prosecute when Pearman did not appear for the hearing.[1]

Pearman complains that the circuit court erred in dismissing his petition because his presence at a hearing in circuit court was not essential to judicial review of the director's decision. Section 208.100.5[2] requires that the circuit court consider reviews of division decisions on the proceedings' certified record: "Upon the record so certified by the director of the division of family services, the circuit court shall review the action and decision of the director in accordance with the provisions of [§ ] 536.140[.]"

■ Pearman is correct; the circuit court's review was restricted to examining the record. Not only was a hearing unnecessary in this case, convening one would have been improper unless one of the parties asserted a ground under § 536.140.4 for presenting additional evidence. Neither party did.

■ The circuit court was limited to reviewing the record to determine whether "there [was] competent and material evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at the hearing before the agency[.]" Section 536.140.4. In the absence of the circuit court's determining that the record was incomplete, it should not have scheduled a hearing.[3] The statutes governing judicial review of the director's decision provide that a hearing is permissible, not mandatory. *Nenninger v. Department of Social Services, Division of Family Services*, 898 S.W.2d 112, 116 (Mo.App.1995). Section 536.140.4 permits

1. He requested a continuance of the hearing two days before hearing, but the circuit court denied it on the ground that he requested it too late.

2. All citations to statutes refer to the 1994 Revised Statutes.

3. Typically, the circuit court will wait for parties to request a hearing before advancing a

case. These cases should not be handled in this manner. Because a hearing is not required—the circuit court's review will be restricted to examining the record—it should move forward *sua sponte* to set a briefing schedule and to consider the record in light of the issues raised. It should set a hearing only if a party establishes a proper basis for a hearing under § 536.140.4.

the circuit court to hear evidence of "alleged irregularities in procedure or of unfairness by the agency, not shown in the record." Pearman made no such allegations; he argued simply that the director misapplied the law.

For these reasons, we reverse the circuit court's dismissal and remand the case to the circuit court for proper consideration of Pearman's petition for judicial review.[4]

PATRICIA BRECKENRIDGE, Presiding Judge, and HAROLD L. LOWENSTEIN, Judge, concur.

---

4. Ordinarily, because we decide this case on other grounds, we would not address Pearman's other contentions. We do so here because Pearman appears *pro se*.

He argues that an associate circuit judge was not authorized to review the director's decision because "the presiding judge did not assign this matter to the associate circuit judge." He also complains that his case was assigned to a "family court" division.

Article 5, § 17 of Missouri's constitution authorizes associate circuit judges to hear all cases, civil or criminal, and any other cases provided for associate circuit judges to hear by law. Section 478.220 permits all circuit and associate circuit judges to "hear and determine all cases and matters within the jurisdiction of their circuit courts," subject to

three restrictions, which are not applicable here. Pearman sought judicial review of the director's decision pursuant to § 208.100.1, which authorizes his appeal "to the circuit court of the county in which such claimant resides[.]" Because the circuit court had jurisdiction over the case by statute, the associate circuit judge properly exercised general circuit court jurisdiction to review Pearman's case.

Furthermore, assigning the case to the circuit court's family court division was not error. Being called "family court" does not restrict the division's jurisdiction. The title simply signifies the majority of the court's subject matter. "It is abundantly clear there is but one circuit court." *Div. of Fam. Serv. v. Davison*, 726 S.W.2d 464, 466 (Mo.App.1987).