

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| LARRY JOHNSTON and GLORIA GAY JOHNSTON, | ) ) ) | |
| Respondents, | ) ) | **WD78197** |
| v. | ) ) ) | **OPINION FILED:** **June 9, 2015** |
| LIVINGSTON COUNTY COMMISSION, | ) ) ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Livingston County, Missouri**
**The Honorable Daren L. Adkins, Judge**

**Before Division One:** James Edward Welsh, Presiding Judge, and
Thomas H. Newton and Karen King Mitchell, Judges

This appeal follows the circuit court's reversal of the Livingston County Commission's entry of a Public Nuisance Order against Larry and Gloria Johnston. Because of the parties' and the circuit court's failure to abide by the requirements of the Missouri Administrative Procedure Act (MAPA), we vacate the circuit court's judgment and remand the matter for further proceedings consistent with this opinion.

**Background**

On May 11, 2011, the Missouri Legislature passed Senate Bill 187, which amended § 67.402.1(6)[1] to allow "[a]ny county of the third classification with a township form of government and with more than fourteen thousand five hundred but fewer than fourteen thousand six hundred inhabitants" to "enact nuisance abatement ordinances as provided" by § 67.402. 2011 Mo. Legis. Serv. 41 (West). Senate Bill 187 became effective on August 28, 2011.

On November 8, 2012, the Livingston County Commission passed Ordinance 11812, pursuant to § 67.402.1(6), providing procedures for nuisance identification and abatement. Among the required procedures provided in Ordinance 11812 was a public hearing, wherein "any party may be represented by counsel, and all parties shall have the opportunity to be heard and present evidence." At the conclusion of a hearing, the Commission is required to either issue a public nuisance order, if supported by the evidence, or not issue a public nuisance order if the evidence fails to support the existence of a public nuisance.

In accordance with these procedures, the Commission held a public hearing on March 25, 2014, to determine whether there existed a public nuisance on the Johnstons' property. At the hearing, the Commission heard testimony from the Johnstons, the County Nuisance Enforcement Officer, and neighboring property owners, and received exhibits. Following the hearing, on April 3, 2014, the Commission issued a public nuisance order, finding that the Johnstons' property constituted a public nuisance under Ordinance 11812 and that the nuisance was detrimental to the health, safety, and welfare of the community. Accordingly, the Commission ordered the Johnstons to remove the specific conditions identified in the order within thirty days. If they failed to do so, the County Nuisance Enforcement Officer would come upon their

---

[1] All statutory citations are to the Revised Statutes of Missouri (2000), as updated, unless otherwise noted.

property and remove the items at the Johnstons' expense. The order advised the Johnstons of their right to appeal the order to the Livingston County Circuit Court within thirty days of the order.

Thereafter, on May 1, 2014, the Johnstons filed a "Verified Petition for Judicial Review" in the Livingston County Circuit Court, seeking review of the Commission's decision on the grounds that it was not supported by competent and substantial evidence and that the Johnstons had already commenced work to abate the nuisance within the time frame specified by the Commission. The record of the proceedings before the Commission was never filed with the circuit court, but the Commission raised no objection. Rather, the Commission requested a "trial setting," and subsequently presented evidence to the circuit court, without any objection by the Johnstons.

Following a purported "de novo review" under § 536.140.3, the circuit court issued its findings and judgment, declaring that the Commission's Public Nuisance Order entered against the Johnstons was "beyond the statutory authority of Livingston County, Missouri, and [was] therefore reversed." The circuit court found, *sua sponte*, that, based upon the 2010 Census, the population of Livingston County was 15,195 and therefore outside the population limits provided by § 67.402.1(6). The Commission filed a motion to reconsider or amend the judgment, arguing that the 2010 Census was not the applicable source for determining the population of Livingston County for purposes of § 67.402.1(6) when the ordinance was enacted. Rather, the Commission argued, under § 1.100, the court was to apply the 2000 Census data, which determined the population of Livingston County to be 14,558, which was within the parameters of § 67.402.1(6). The circuit court overruled the Commission's motion, and the Commission filed an appeal with this court.

3

After filing the notice of appeal, the Commission filed the record on appeal and the appellant's brief, challenging the circuit court's judgment. The Johnstons filed a respondent's brief, defending the circuit court's judgment. Neither party mentioned or challenged the Commission's determination that the Johnstons' property constituted a public nuisance.

**Analysis**

The Commission brings a single point on appeal, challenging the circuit court's determination that the Commission lacked authority to enact Ordinance 11812. The Commission, however, is not the proper party to file an appellant's brief, and the circuit court's judgment is not the proper judgment for review. In short, there are a multitude of procedural errors that have brought the parties to the point before us, with each misstep leading to another. To untangle this procedural thicket, it is necessary to explain how this case *should* have proceeded to this point and identify each instance wherein it went awry.

To begin, in any administrative matter, a party seeking judicial review must first discern whether the administrative proceeding involved a contested case or a non-contested case, as the scope of review and procedural steps differ. *City of Valley Park v. Armstrong*, 273 S.W.3d 504, 506-07 (Mo. banc 2009). A "contested case" is "a proceeding before an administrative agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(4).

> Contested case review is controlled by sections 536.100 to 536.140. Contested cases provide the parties with an opportunity for a formal hearing with the presentation of evidence, including sworn testimony of witnesses and cross-examination of witnesses, and require written findings of fact and conclusions of law. *The review of a contested case is a review by the trial court of the record created before the administrative body.* The trial court's decision upon such review is appealable, but the appellate court also looks back to the record created before the administrative body.

4

Non-contested cases do not require formal proceedings or hearings before the administrative body. As such, there is no record required for review. *In the review of a non-contested decision, the circuit court does not review the administrative record, but hears evidence, determines facts, and adjudges the validity of the agency decision.* Under the procedures of section 536.150, the circuit court conducts such a hearing as an original action.

In either a contested or a non-contested case the private litigant is entitled to challenge the governmental agency's decision. *The difference is simply that in a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of that administrative trial, whereas in a non-contested case the private litigant tries his or her case to the court.* Depending upon the circumstances, this difference may result in procedural advantages or disadvantages to the parties, but in either situation, the litigant is entitled to develop an evidentiary record in one forum or another.

*Armstrong*, 273 S.W.3d at 506-07 (emphasis added) (internal citations omitted) (quoting *Furlong Companies, Inc. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006)).

Here, both § 67.402 and Ordinance 11812 require a hearing before the Commission to determine whether property constitutes a public nuisance, and both provide for certain procedural protections at the hearing, such as the assistance of counsel and presentation of evidence. Thus, the hearing before the Commission was a contested case.

Because the Commission's decision constituted a contested case, to obtain judicial review, the Johnstons were required to file a petition seeking judicial review within 30 days of the Commission's order.[2] § 536.110.1. Then, according to § 536.130, the Johnstons were responsible for ensuring that the record before the Commission was filed with the circuit court within thirty days of filing the petition. They could have accomplished this duty by either filing the record themselves or by requesting the Commission to file it. § 536.130.4. The record shall consist of any one of the following:

(1) Such parts of the record, proceedings and evidence before the agency as the parties by written stipulation may agree upon;

---

[2] The Johnstons met this requirement.

5

(2) An agreed statement of the case, agreed to by all parties and approved as correct by the agency;

(3) A complete transcript of the entire record, proceedings and evidence before the agency. Evidence may be stated in either question and answer or narrative form. Documents may be abridged by omitting irrelevant and formal parts thereof. Any matter not essential to the decision of the questions presented by the petition may be omitted. The decision, order and findings of fact and conclusions of law shall in every case be included.

§ 536.130.1. Filing the record with the circuit court is required for judicial review of contested cases because, under § 536.140.1, "[t]he court shall hear the case . . . *upon the petition and record* filed as aforesaid." Here is where the procedural thicket began; by not presenting the circuit court with the record of the proceedings before the Commission, the Johnstons failed to meet their obligation under § 536.130.4. And without the record, there was nothing for the court to *review*.

Apparently unconcerned with the lack of a record for the court's review, the Commission instead sought a hearing to introduce evidence for the court's consideration anew.[3] But judicial review of a *contested* case generally does not allow for the presentation of additional evidence at the circuit court.[4] There is one exception, however, as noted by the circuit court. "Whenever the action of the agency being reviewed does not involve the exercise by the agency of administrative discretion in the light of the facts, but involves only the application by the agency

---

[3] During oral argument, the Commission advised this court that the reason for presenting evidence anew before the circuit court was because the recording made at the Commission hearing "wasn't great," so the Commission chose to bring all of the evidence again, rather than presenting the circuit court with an inadequate record. Bringing new evidence before the circuit court due to an insufficient record before the administrative agency, however, is not an authorized action under the MAPA. Because "the review required by § 536.140 . . . is not possible without an adequate record of the evidence heard by the commission," the appropriate action would have been for the circuit court to remand the matter back to the Commission for "a rehearing of the evidence and the preservation of the evidence for review." *Sullivan Cnty. v. State Tax Comm'n*, 513 S.W.2d 452, 454 (Mo. 1974).

[4] In a non-contested case, however, "[t]he circuit court does not review the record for competent and substantial evidence, but instead conducts a *de novo* review in which it hears evidence on the merits, makes a record, determines the facts and decides whether the agency's decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious or otherwise involves an abuse of discretion." *City of Valley Park v. Armstrong*, 273 S.W.3d 504, 508 (Mo. banc 2009). "The circuit court does not defer to facts found or credibility assessed by the agency and need not conform doubtful evidence to the agency's decision." *Id.* "The circuit court in a noncontested case acts to determine the evidence and give judgment from that evidence." *Id.*

of the law to the facts, the court may upon application of any party conduct a de novo review of the agency decision." § 536.140.3.

When a court reviews the actions of an agency under § 536.140.3, the court has the discretion to weigh evidence and determine facts for itself, § 536.140.4, but the exercise of that discretion is "dependent upon additional findings." *Derleth v. Derleth*, 432 S.W.3d 771, 778 (Mo. App. W.D. 2014). "[T]he court may hear and consider additional evidence [only] if the court finds that such evidence in the exercise of reasonable diligence could not have been produced or was improperly excluded at the hearing before the agency." § 536.140.4. The Commission's request for a "trial setting" did not include any allegations to support either of the required findings. Consequently, neither finding was made in this case. But the Johnstons raised no objection to the Commission's presentation of evidence or the court's acceptance of the same. "In the absence of [a] circuit court's determin[ation] that the [administrative] record [i]s incomplete, it should not . . . [even] schedule[] a hearing." *Pearman v. Dep't of Soc. Servs.*, 20 S.W.3d 540, 541 (Mo. App. W.D. 2000).[5]

Even if the court had made one of the findings required by § 536.140.4, it was still not at liberty to simply reverse the Commission's decision. Instead, "the court may remand the case to the agency with directions to reconsider the same in the light of such evidence." § 536.140.4.[6]

---

[5] In *Pearman*, we noted that "[t]ypically, the circuit court will wait for parties to request a hearing before advancing a case," but we also cautioned that "[t]hese cases should not be handled in this manner." *Pearman v. Dep't of Soc. Servs.*, 20 S.W.3d 540, 542 n.3 (Mo. App. W.D. 2000).

> Because a hearing is not required—the circuit court's review will be restricted to examining the record—it should move forward *sua sponte* to set a briefing schedule and to consider the record in light of the issues raised. It should set a hearing only if a party establishes a proper basis for a hearing under § 536.140.4.

*Id.*

[6] "The court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record." § 536.140.4.

7

Under the normal scope of judicial review following a contested case, the court must determine whether the agency's action

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable; [or]

(7) Involves an abuse of discretion.

§ 536.140.2.

Here, presumably because it lacked a record to review and, therefore, could not directly address the claims raised by the Johnstons' petition, the circuit court attempted to comply with its obligations under § 536.140.2 by determining whether the Commission's order was in excess of its statutory authority or jurisdiction or otherwise unauthorized by law. In doing so, the court *sua sponte* evaluated Ordinance 11812, noting that the ordinance identified § 67.402 as its enabling authority. The court then examined § 67.402, noting subdivision .1(6)'s population limits of more than 14,500 but fewer than 14,600. The court then indicated that, pursuant to § 1.100,[7] it was considering the 2010 Census data, reflecting a population in Livingston County

---

[7] Section 1.100 provides:

The population of any political subdivision of the state for the purpose of representation or other matters including the ascertainment of the salary of any county officer for any year or for the amount of fees he may retain or the amount he is allowed to pay for deputies and assistants is determined on the basis of the last previous decennial census of the United States. For the purposes of this section the effective date of the 1960 decennial census of the United States is July 1, 1961, and the effective date of each succeeding decennial census of the United States is July first of each tenth year after 1961; except that for the purposes of ascertaining the salary of any county officer for any year or for the amount of fees he may retain or the amount he is allowed to pay for deputies and assistants the effective date of the 1960 decennial census of the United

of 15,195. The court concluded that, in light of the 2010 Census data, § 67.402.1(6) did not provide authority for Ordinance 11812. Accordingly, the court determined that the Commission's order lacked statutory authority and had to be reversed.[8]

Because it was aggrieved by this decision, the Commission filed a notice of appeal. When evaluating an appeal involving a contested case, however, we review the decision of the agency and not the circuit court. *Morris v. Mo. Dep't of Health and Senior Servs.*, 444 S.W.3d 913, 914 (Mo. App. W.D. 2014). Under Rule 84.05(e),[9]

> If the circuit court reverses a decision of an administrative agency and the appellate court reviews the decision of the agency rather than of the circuit court, a party aggrieved by the circuit court decision shall file a notice of appeal and the record on appeal and *shall file with the record on appeal a notice designating the party that is aggrieved by the agency decision*.

(Emphasis added.)

Though the Commission filed both the notice of appeal and the record on appeal, it failed to comply with its obligation under Rule 84.05(e) to provide this court with "a notice designating the party that is aggrieved by the *agency* decision"—in other words, the Johnstons. Thereafter, the Commission filed an appellant's brief, challenging the circuit court's decision, and the

---

States is January 1, 1961, and the effective date of each succeeding decennial census is January first of each tenth year after 1961.

[8] We seriously question the court's conclusion on this matter. Section 1.100.1 states that the determination of population "for the purpose of representation or other matters including . . . [ascertaining] the salary of any county officer . . . or . . . the amount of fees he may retain or the amount he is allowed to pay . . . is determined on the basis of the last previous decennial census of the United States." The statute further indicates that "the effective date of each succeeding decennial census of the United States is July first of each tenth year after 1961." *Id.*

The amendment to § 67.402, adding subdivision .1(6)—the enabling authority for Ordinance 11812, was passed on May 11, 2011. At that time, the only effective decennial census available to the legislature was the 2000 version, as the 2010 version did not take effect under section 1.100.1 until July 1, 2011. In light of the 2000 Census data, § 67.402.1(6) provided sufficient enabling authority for Livingston County to pass Ordinance 11812. Furthermore, the Johnstons' argument—that section 1.100.1 is wholly inapplicable on the basis that the statute's reference to "other matters including" county officer salaries, credits, and expenditures, constitutes a limitation to only those matters listed—has already been rejected. *See Union Electric Co. v. Cuivre River Electric Co-op., Inc.*, 571 S.W.2d 790, 794-96 (Mo. App. 1978) (determining that "the term 'other matters,' as used in § 1.100[.1] . . . , is not restricted to those matters specifically enumerated after the word 'including.'").

[9] All rule citations are to the Missouri Court Rules (2014), unless otherwise noted.

Johnstons filed a respondent's brief, defending the circuit court's decision. Neither party addressed the Commission's Public Nuisance Order.

Rule 84.05(e) requires that "[t]he party aggrieved by the agency decision [i.e., the Johnstons] shall file the appellant's brief and reply brief, if any, and serve them within the time otherwise required for the appellant to serve briefs." The rule further provides that "[i]f a party who is aggrieved by an agency decision fails to file the first brief, that party shall be given notice of dismissal as required in Rule 84.08(b)." Rule 84.05(e). But because the Commission failed to comply with its notification obligation under Rule 84.05(e), this court was unable to comply with its obligation under Rules 84.05(e) and 84.08(b) to notify the Johnstons that their failure to file an appellant's brief would result in dismissal of the appeal. Thus, we find ourselves now facing an appeal of the wrong decision (the circuit court's judgment) by the wrong party (the party that prevailed before the agency), and we have only a sparse and incomplete record for purposes of reviewing the Commission's decision, with no real challenge made to that decision.

Ordinarily, our review would be the same as the circuit court's review. In other words, we would examine the agency's decision to determine if it

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable; [or]

(7) Involves an abuse of discretion.

10

§ 536.140.2. We would "examine[] the whole record to determine whether there is sufficient evidence to support the decision." *Lester v. Dep't of Soc. Servs.*, 439 S.W.3d 229, 231 (Mo. App. S.D. 2014). We generally "will not substitute our judgment for that of the [agency] on factual matters." *Id.* If we determine that the agency's decision "is supported by substantial and competent evidence found in the record, then the [agency's] decision should be affirmed." *Garrett v. Mo. Dep't of Soc. Servs.*, 57 S.W.3d 916, 919 (Mo. App. S.D. 2001).

Here, however, we are not asked to review the agency's decision at all. Rather, the parties both focus upon the circuit court's judgment and whether it is correct. Though the circuit court's judgment is not typically the subject of our review, it will be where there is a question regarding compliance with MAPA or other procedural irregularities. *See, e.g., Derleth*, 432 S.W.3d at 778 (reviewing circuit court's denial of requested hearing); *Madden v. Poplar Bluff R-1 Sch. Dist.*, 399 S.W.3d 843, 847 (Mo. App. S.D. 2013) (reviewing circuit court's refusal to hear additional evidence); *Orion Sec., Inc. v. Bd. of Police Comm'rs of Kansas City*, 43 S.W.3d 467, 468 (Mo. App. W.D. 2001) ("The question on appeal is whether the trial court erred when it entered the judgment based on a motion filed by Orion of which Appellants had no notice."); *Pearman*, 20 S.W.3d at 542 n.4 (reviewing claim that associate circuit court lacked subject matter jurisdiction); *Boyer v. City of Potosi*, 38 S.W.3d 430, 433-35 (Mo. App. E.D. 2000) (analyzing "whether the trial court acted in excess of its jurisdiction by holding evidentiary hearings outside Washington County without the consent of all the parties," whether the trial court erred in striking paragraphs of the amended petition for judicial review, and whether the trial court erred in dismissing the initial petition); *Neosho R-V Sch. Dist. v. McGee*, 979 S.W.2d 537, 539-40 (Mo. App. S.D. 1998) (reviewing circuit court's decision and determining that court

11

lacked authority to act outside the scope of MAPA). Under those circumstances, we could review the circuit court's judgment as in any other court-tried case.

Here, though neither party claims any procedural irregularities, the case is obviously rife with them, as identified above. Thus, we must vacate the judgment and remand the case to the circuit court for proper consideration pursuant to the procedures laid out in Chapter 536 and Rule 84.05(e) pertaining to judicial review and appeal of contested cases. If the state of the record allows for review by the circuit court, it should conduct such a review.[10] If the state of the record does not afford the circuit court the opportunity for a review on the record, the court must remand the matter to the county commission for the creation of a record sufficient for review. We, therefore, vacate the circuit court's judgment and remand for further proceedings consistent with this opinion.

_____
Karen King Mitchell, Judge

James Edward Welsh, Presiding Judge,
and Thomas H. Newton, Judge, concur.

---

[10] It is not too late to correct the first procedural misstep that occurred in this case. "[A]lthough the Administrative Review Act is silent about the penalty or consequence when an agency fails to timely file its record in the circuit court as required by § 536.130.1, timely filing thereof is not a jurisdictional requirement." *Orion Sec., Inc. v. Bd. of Police Comm'rs of Kansas City*, 43 S.W.3d 467, 470 (Mo. App. W.D. 2001). "Accordingly, a circuit court has authority to grant an extension application made after the original thirty-day period has expired." *Id*. But if the record before the Commission is inadequate to permit review, as represented by the Commission before this court, the circuit court should remand the matter back to the Commission for a rehearing of the evidence and preservation of the evidence for review. *Sullivan Cnty.*, 513 S.W.2d at 454.