W. Brent Powell, Judge
Bryan Travis Robison appeals the circuit court's judgment quashing its preliminary writ in mandamus and denying Robison's request for a permanent writ against the director of the Department of Insurance, Financial Institutions, and Professional Registration.[1] This Court affirms the circuit court's judgment because Robison failed to demonstrate he was entitled to mandamus relief.
I. Factual and Procedural History
Robison has been licensed as a general bail bond agent since 2007. A month before his license was set to expire, Robison applied to renew his license with the director of the Department of Insurance, Financial Institutions, and Professional Registration. The department filed a petition requesting the director deny Robison's license renewal application, alleging Robison was disqualified for licensure because he failed to meet the surety qualifications requiring a bail bond agent to have "no outstanding forfeiture or unsatisfied judgment thereon entered upon any bail bond." Rule 33.17(f).
*471 Prior to submitting his renewal application, Robison submitted a number of affidavits identifying unsatisfied judgments levied against him.[2] As a result of the outstanding judgments, the director denied Robison's application for renewal. Included with the rejection order was a notice of Robison's legal right to file a complaint with the Administrative Hearing Commission, pursuant to § 621.120, within 30 days after the mailing of the notice.
Rather than exercising his right to file a complaint with the Commission, Robison opted to file a petition for a writ of mandamus in the Cole County circuit court. Robison's petition alleged the director issued the order denying his application for renewal without proper notice and an opportunity to be heard. The circuit court granted a preliminary writ, but after a hearing, quashed the preliminary writ. Robison appealed and, after opinion by the court of appeals, this Court transferred pursuant to article V, § 10 of the Missouri Constitution.
II. Analysis
Robison argues the circuit court erred when it quashed the preliminary writ and denied his request for a permanent writ of mandamus because § 374.750 unconstitutionally denied him due process by allowing the director to summarily refuse to renew his license without first giving him notice and an opportunity for a hearing. The director asserts Robison is not entitled to writ relief because Robison failed to exhaust his administrative remedies by not seeking review before the Commission.
Standard of review
"An appellate court reviews the denial of a petition for writ of mandamus for an abuse of discretion." Boresi , 396 S.W.3d at 359. "An abuse of discretion in denying a writ occurs when the circuit court misapplies the applicable statutes." Id.
Contested or non-contested
When reviewing a governmental agency's decision, this Court considers whether the matter before the agency was a "contested" or "non-contested case" to determine the scope of judicial review. Furlong Cos., Inc. v. City of Kan. City , 189 S.W.3d 157, 165 (Mo. banc 2006). "The Missouri Administrative Procedure Act [ (MAPA) ] provides for two types of cases: contested cases and non-contested cases." Id. A contested case is "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(4). The "law" requiring a hearing "includes any ordinance, statute, or constitutional provision that mandates a hearing." McCoy v. Caldwell Cty. , 145 S.W.3d 427, 428 (Mo. banc 2004). A non-contested case, although not defined by MAPA, is "a decision that is not required by law to be determined after a hearing." Furlong , 189 S.W.3d at 165. "In either a contested or non-contested case the private litigant is entitled to challenge the governmental agency's decision." Id. "The difference is simply that in a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of the administrative trial, whereas in a non-contested case the private litigant tries his or her case to the court." Id.
"The classification of a case as 'contested' or 'noncontested' is determined as a matter of law."
*472 City of Valley Park v. Armstrong , 273 S.W.3d 504, 506 (Mo. banc 2009). The director contends the case is contested because had Robison appealed to the Commission, there would have been a proceeding in which Robison's legal rights, duties, or privileges would be determined. However, the director ignores that, even if Robison had filed a complaint with the Commission, the director would have retained her discretion to refuse his license renewal pursuant to § 374.051.1, which provides:
Any applicant refused a license or the renewal of a license by order of the director under sections 374.755, 374.787, and 375.141 may file a petition with the administrative hearing commission alleging that the director has refused the license. The administrative hearing commission shall conduct hearings and make findings of fact and conclusions of law in determining whether the applicant may be disqualified by statute. Notwithstanding section 621.120, the director shall retain discretion in refusing a license or renewal and such discretion shall not transfer to the administrative hearing commission .[3]
(Emphasis added). As this Court has held, when a proceeding is merely advisory and does not bind the decision-maker "to any gauge or criteria," then the administrative proceeding or hearing does not make the matter a contested case, and review does not fall under § 536.100. See McCoy , 145 S.W.3d at 428-29 ; Kunzie v. City of Olivette , 184 S.W.3d 570, 572-73 (Mo. banc 2006). Because the director retained her discretion to refuse Robison's license renewal even if Robison had pursued his administrative remedy, this is a non-contested case governed by § 536.150.
Administrative remedies must be exhausted in non-contested cases
Section 536.150.1 provides a right to judicial review when an agency decision is "not subject to administrative review." Thus, § 536.150.1 requires exhaustion of administrative remedies before seeking judicial review of non-contested cases. See Impey v. Mo. Ethics Comm'n , 442 S.W.3d 42, 47 n.5 (Mo. banc 2014). In Strozewski v. Springfield , 875 S.W.2d 905, 907 (Mo. banc 1994), however, this Court held § 536.150 "has no requirement of exhaustion of administrative remedies." As such, Strozewski's holding appears at odds with the plain language of § 536.150.
"This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." Parktown Imps., Inc. v. Audi of Am., Inc. , 278 S.W.3d 670, 672 (Mo. banc 2009). In determining § 536.150 did not require exhaustion of administrative remedies, Strozewski focused on subsection 3 of § 536.150, which provides, "Nothing in this section shall be construed ... to limit the jurisdiction of any court or the scope of any remedy available in the absence of this section." 875 S.W.2d at 907. Relying on the language *473 in subsection 3 that the statute did not intend to limit a court's jurisdiction, Strozewski concluded, "exhaustion of administrative remedies is not a jurisdictional prerequisite in uncontested cases." Id. Strozewski is correct that exhaustion of administrative remedies is not a jurisdictional prerequisite. However, exhaustion of administrative remedies is plainly a statutory prerequisite pursuant to subsection 1 of § 536.150.
Subsection 1 § 536.150 provides a right to judicial review in a non-contested case when the decision challenged "is not subject to administrative review." Subsection 3, which speaks in terms of jurisdiction, does not negate or otherwise affect subsection 1. Subsection 1 speaks in terms of statutory authority and plainly contains an exhaustion of administrative remedies prerequisite with the "not subject to administrative review" language. Statutory prerequisites and jurisdictional requirements are not the same. See J.C.W. ex rel. Webb v. Wyciskalla , 275 S.W.3d 249, 254 (Mo. banc 2009). Strozewski 's rejection of the statutory prerequisite in subsection 1 based on an unrelated jurisdictional provision in subsection 3 reflects the outdated concept of "jurisdictional competence" and, therefore, should no longer be followed. See State ex rel. Zahnd v. Van Amburg , 533 S.W.3d 227, 231 (Mo. banc 2017). Because judicial review pursuant to § 536.150.1 is statutorily restricted to when a governmental agency decision is not "subject to administrative review," aggrieved parties must exhaust all their administrative remedies before seeking judicial review in a non-contested case.
Robison is not required to exhaust administrative remedies
Although Robinson's non-contested case would normally require exhaustion of administrative review, the overruling of Strozewski requires prospective application of the exhaustion prerequisite. "This Court has the authority to determine whether a decision changing a rule of law is to be applied retrospectively or prospectively." State v. Walker , 616 S.W.2d 48, 48 (Mo. banc 1981). When a change in the rule of law is procedural, it operates prospectively only. Id. ; see also Moore v. Ready Mixed Concrete Co. , 329 S.W.2d 14, 24 (Mo. banc 1959). When the change is substantive, it operates both retrospectively and prospectively. Id. "The distinction between substantive law and procedural law is that substantive law relates to rights and duties which give rise to a cause of action, while procedural law is the machinery for carrying on the suit." Shepherd v. Consumers Coop. Ass'n , 384 S.W.2d 635, 640 (Mo. banc 1964) (internal quotations omitted).
Because the change caused by overruling Strozewski relates to the "method provided by law for aiding and protecting defined legal rights," the change is procedural, and applies only prospectively. Id. Therefore, applying this Court's procedure for seeking judicial review in a non-contested case prospectively, Robison was not required to exhaust his administrative remedies.
Robison did not demonstrate a clearly established right compelling mandamus
Although Robison was permitted to seek mandamus in the circuit court without exhausting his administrative remedies, the circuit court did not abuse its discretion because Robison failed to demonstrate a clearly established right entitling him to mandamus relief.
"The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform."
*474 Furlong , 189 S.W.3d at 166. To be granted relief by mandamus, a litigant "must allege and prove he has a clear, unequivocal, specific right to a thing claimed" and establish that he has a "clear and legal right to the remedy." Id. at 166. "Mandamus does not issue except in cases where the ministerial duty sought to be coerced is definite, arising under conditions admitted or proved and imposed by law." Id.
Robison alleges he had a right pursuant to §§ 374.730 and 374.750 to have his general bail bond agent license renewed. Pursuant to § 374.730, "All licenses issued to ... general bail bond agents under the provisions of sections 374.700 to 374.775 shall be renewed biennially." (Emphasis added). However, § 374.750 provides the "department may refuse to issue or renew any license required pursuant to sections 374.700 to 374.775 for any one or any combination of causes stated in section 374.755." (Emphasis added). Robison contends the permissive "may," in regard to refusal, and the mandatory "shall," in regard to renewal, means he has a clear and unequivocal right to renewal.
When looking at the context of §§ 374.730 and 374.750, and harmonizing the two statutes, it is clear, however, the mandatory "shall" in regard to renewal is directed to the applicant, and the permissive "may" in regard to refusal is directed to the department.[4] In other words, a general bail bond agent must or shall seek license renewal every two years, and the director may refuse to renew the license in the presence of any of the factors outlined in § 374.755. One such factor, § 374.755.1(6), gives the director discretion to refuse renewal if the person applying has been in "[v]iolation of any provision of ... the laws of this state." And this Court's rules provide, "A person shall not be accepted as a surety on any bail bond unless the person ... [h]as no outstanding forfeiture or unsatisfied judgment thereon entered upon any bail bond in any court of this state." Rule 33.17(f).[5] Because Robison has admitted to having outstanding forfeitures and judgments, the director properly exercised her discretion by refusing the renewal request pursuant to her statutory authority and this Court's rules. Robison has not established a clear and unequivocal right to license renewal.[6]
III. Conclusion
The circuit court did not abuse its discretion in quashing the preliminary writ and denying Robison's request for a permanent writ. The circuit court's judgment is affirmed.
Draper, Russell, Breckenridge and Stith, JJ., concur;
Fischer, C.J., concurs in separate opinion filed;
Wilson, J., concurs in separate opinion filed.
*475 CONCURRING OPINION
Zel M. Fischer, Chief Justice
Like the principal opinion, I too would affirm the circuit court's judgment. Unlike the principal opinion, however, I would not utilize an abuse-of-discretion standard of review in this case. See U.S. Dep't of Veterans Affairs v. Boresi , 396 S.W.3d 356, 365-66 (Mo. banc 2013) (Fischer, J., concurring) ("I disagree with the principal opinion that the review of the denial of a petition for writ of mandamus is for abuse of discretion."); see also Stone v. Mo. Dep't of Corr., Prob. & Parole Bd. , 313 S.W.3d 158, 160 (Mo. App. 2010) ; State ex rel. St. Joseph Sch. Dist. v. Mo. Dep't of Elementary & Secondary Educ. , 307 S.W.3d 209, 212 (Mo. App. 2010). As I have stated before, the appropriate standard of review for when the circuit court issues a preliminary order in mandamus but then denies a permanent writ is that this Court will affirm the circuit court's judgment "unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law[.]" Boresi , 396 S.W.3d at 365 n.7. Accordingly, I would affirm the circuit court's judgment applying this standard of review.[1]
CONCURRING OPINION
Paul C. Wilson, Judge
I concur in the result reached by the principal opinion but do not join either that opinion or the concurring opinion of the Chief Justice with respect to the standard of review. As noted in the foregoing opinions, the lack of merit in Robison's claims is clear regardless of which standard of review is used. In a proper case, however, the Court needs to give this question greater attention than it has received to date.
In United States Department of Veterans Affairs v. Boresi , 396 S.W.3d 356, 358 (Mo. banc 2013), and State ex rel. Ashby Road Partners, LLC v. State Tax Commission , 297 S.W.3d 80, 83 (Mo. banc 2009), on which Boresi relies, the question was not what standard of review should apply but whether, if the circuit court denied a petition for extraordinary writ following the issuing of a summons rather than a preliminary writ, the petitioner should proceed by way of appeal or by filing the petition anew in a higher court. Both cases held appeal was the proper route, and neither devoted much attention to the proper standard of review to be applied in such an appeal.
Though the resolution of this question is unnecessary in this case, it is not a trivial matter. This Court often has said that extraordinary writs are discretionary. Ashby Road , 297 S.W.3d at 83. But unlike other matters committed to a circuit court's discretion and reviewed on appeal for an abuse of that discretion (e.g., the admission or exclusion of evidence), this Court has stressed "there is no *476 right to have the [extraordinary] writ issued." Id. The sort of discretion referred to seems different, for example, from the discretion to admit or exclude relevant evidence. Instead, when this Court states "there is no right to have the [extraordinary] writ issued," it is suggesting that, no matter how perfectly pleaded the petition, and no matter how thoroughly proved the allegations, a court always may exercise its discretion not to issue an extraordinary writ. If so, neither the abuse of discretion standard of review nor the standard suggested in the Chief Justice's concurring opinion seems appropriate.
Of course, if the Court does not mean that the discretion to deny an otherwise proper petition for extraordinary writ is different from the discretion attending ordinary matters of trial preparation and presentation, it may need to moderate this language in future cases. But if the Court intends the broader meaning, as I always have understood, the Court perhaps should consider amending its rules (and overruling the cases requiring petitioners to proceed by appeal) to allow them-in all cases in which the petition is denied, by whatever means and on whatever grounds-simply to file the petition anew in that higher court.[1] This approach would require an unsuccessful petitioner only to convince the higher court the petition has merit and that the higher court should exercise its discretion to grant the extraordinary writ, rather than having to carry the much heavier burden of showing the lower court abused its discretion by denying the petition. Viewed from the other perspective, this new approach would allow the higher court to issue a writ without having to impugn the lower court but, instead, merely by deciding to exercise its discretion differently.
Though the present case is poorly suited to address them, these issues are deserving of more attention and clarity than they have received in the past. As a result, I am content for the present to merely join the Court in affirming the result reached in the circuit court.

"An appeal will lie from the denial of a writ petition when a lower court has issued a preliminary order in mandamus but then denies a permanent writ." U.S. Dep't of Veterans Affairs v. Boresi , 396 S.W.3d 356, 358 (Mo. banc 2013).

Pursuant to § 374.760, general bail bond agents are required to file sworn affidavits with the department monthly, indicating whether they have any unsatisfied judgments against them. Statutory citations throughout this opinion are to RSMo. 2016.

Here, the director refused to renew Robison's license pursuant to § 374.750, which is not one of the specific sections enumerated in § 374.051.1. Nevertheless, § 374.750 provides:
The department may refuse to issue or renew any license required pursuant to sections 374.700 to 374.775 for any one or any combination of causes stated in section 374.755 . The department shall notify the applicant in writing of the reasons for the refusal and shall advise the applicant of his right to file a complaint with the administrative hearing commission as provided by chapter 621.
(Emphasis added). Therefore, when a license is not renewed pursuant to § 374.750, it is because of one or more of the causes stated in § 374.755; § 374.051 applies in this case.

"It is the general rule that in statutes the word 'may' is permissive only, and the word 'shall' is mandatory." Turner v. Sch. Dist. of Clayton , 318 S.W.3d 660, 672 (Mo. banc 2010). However, whether a statute using "shall" is mandatory ultimately is a "function of context and legislative intent." Bauer v. Transitional Sch. Dist. of City of St. Louis , 111 S.W.3d 405, 408 (Mo. banc 2003). "In ascertaining legislative intent, the statute should be read in pari materia with related sections, and the [licensing] statutes should be construed in context with each other." Street v. Dir. of Revenue , 361 S.W.3d 355, 358 (Mo. banc 2012).

This Court's rules "shall have the force and effect of law." Mo. Const. art. V, § 5.

Robison's due process claim similarly fails because he has not established a clear and unequivocal right to license renewal.

I agree with the concurring opinion of Judge Wilson that the proper standard of review to apply when an extraordinary writ is denied is not a trivial matter-in fact, it is often outcome determinative. If the extraordinary writ being denied by a circuit court is the writ of prohibition, regardless of whether a preliminary writ was issued by the circuit court, I would agree the only relief for the petitioner is to seek a writ in a higher court. But historically the writ of mandamus and its unique procedure are different, and when denial of the writ of mandamus produces a final judgment, review of the judgment is by appeal, but if the denial does not produce a final judgment, the only relief is to seek a writ in a higher court.

This approach also would avoid having to perpetuate largely meaningless distinctions such as those between petitions denied after summons and those denied after preliminary writ, e.g., Boresi , 396 S.W.3d at 358, and between denials that occur "on the merits" and those that occur on some other basis, e.g., Powell v. Dep't of Corrs. , 463 S.W.3d 838, 841 n.3 (Mo. App. 2015). At the same time, it may shed light on more meaningful distinctions between and among the different extraordinary writs and the circumstances in which they are sought-differences that exist both in statute and in historical practice but that, in modern practice, often are ignored.