

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION FOUR</u>

| | | |
|---|---|---|
| KATHERINE SOVULEWSKI, | ) | ED109889 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Jefferson County |
| v. | ) | 20JE-CC00312 |
| | ) | |
| MISSOURI STATE BOARD OF NURSING, | ) | Honorable Darrell Missey |
| | ) | |
| Respondent. | ) | Filed:  March 29, 2022 |

Katherine Sovulewski (Sovulewski) appeals from the trial court's judgment affirming an order of the Missouri State Board of Nursing (Board) setting terms of probation regarding drug and alcohol testing.  We reverse and remand.

## BACKGROUND

Sovulewski first received her license from the Board as a Registered Nurse (RN) in 2005. In early 2012, her employer discovered she was taking Hydromorphone home with her.  She tested positive for the drug and resigned.  The Board placed her nursing license on probation for a period of five years with specified terms and conditions.  On June 9, 2016, the Board revoked Sovulewski's license for violating the terms of her probation multiple times by failing to check in with a third-party administrator and testing positive for metabolites of alcohol.

In late 2017, Sovulewski reapplied to the Board for an RN license, which was denied on May 2, 2018.  Sovulewski appealed the Board's decision to the Administrative Hearing

Commission (AHC).  After a hearing, the AHC issued its decision.  Although it found cause to deny Sovulewski's license on multiple grounds, the AHC exercised its discretion to grant her application for a license subject to a three-year probationary period, concluding:

> Sovulewski presented sufficient evidence to convince us to exercise our discretion and grant her application for a license.  We believe that a three-year probationary period is appropriate for the protection of the public.  The terms of probation should include a prohibition on the consumption of controlled substances for which Sovulewski does not have a legitimate prescription and a prohibition on working under the influence of alcohol.  Monitoring shall include drug and alcohol testing at the discretion of the Board.

On January 31, 2020, the Board issued an order pursuant to the AHC's decision setting forth the terms of Sovulewski's probation (Probation Order).  The Probation Order required daily check-ins with a third-party administrator and submitting to random drug and alcohol testing, and *inter alia*, stated:

> I.  During the disciplinary period, Licensee shall abstain completely from the use or consumption of alcohol in any form, including over the counter products.  The presence of any alcohol whatsoever in any biological sample obtained from the Licensee, regardless of the source, shall constitute a violation of Licensee's discipline.

Sovulewski filed a petition in the circuit court of Jefferson County seeking judicial review of the Probation Order pursuant to Sections 536.100 through 536.140 RSMo (2016).[1]  The trial court considered the case on the basis of the record developed before the AHC and took no additional evidence.  The trial court entered its judgment on July 20, 2021, finding:

> Great deference is given to administrative decisions.  The reviewing court must not substitute its judgment on factual matters for that of the administrative agency. Owens v. Missouri State Board of Nursing, 474 S.W.3d 607, 611 (Mo.App.W.D. 2015).  The Court cannot substitute its judgment for that of the agency, and "when the evidence before the administrative body would warrant either of two opposed findings, the reviewing court is bound by the administrative determination . . . ." Hornbeck v. Spectra Painting, Inc., 370 S.W.3d 624, 629 (Mo. banc 2012).  In this case, the Board of Nursing granted a license to the Petitioner, but did so on a probationary basis due to the Petitioner's previous substance abuse issues.  The

---

[1] All statutory references are to RSMo (2016), unless otherwise indicated.

Court finds that the action of the Commission is reasonable and appropriate under the circumstances in order to ensure the safety of patients and to help the Petitioner maintain her sobriety.

The Court has reviewed the Administrative Hearing Commission's Decision and finds that the action of the agency is not (1) in violation of any constitutional provisions, (2) in excess of the agency's statutory authority or jurisdiction, (3) unsupported by competent and substantial evidence upon the whole record, (4) unauthorized by law, (5) made upon unlawful procedure or without a fair trial, (6) arbitrary, capricious or unreasonable, or (7) an abuse of discretion.

The trial court affirmed the AHC's decision in all respects. Sovulewski appeals.

## DISCUSSION

Sovulewski raises two points on appeal. First, she argues the Board erred in imposing probationary terms on her nursing license that exceeded those allowed by the AHC's decision. Second, she asserts the Board erred in imposing probationary terms on her nursing license that violated her rights under the Americans with Disabilities Act.

However, Sovulewski made a fundamental error in characterizing this matter as a contested case, which was not challenged by the Board nor corrected by the trial court. This improper characterization renders us unable to review either of the points raised. Thus, we reverse and remand this case for further proceedings pursuant to non-contested case procedures.

### *Analysis*

A court's first step in exercising judicial review over a governmental agency's action pursuant to the Missouri Administrative Procedure Act (MAPA) is to determine the scope of its review. *See e.g.*, *Johnston v. Livingston Cnty. Comm'n*, 462 S.W.3d 859, 864 (Mo. App. W.D. 2015); *450 N. Lindbergh Legal Fund, LLC v. City of Creve Coeur, Missouri*, 477 S.W.3d 49, 52 (Mo. App. E.D. 2015). The court must first consider, as a matter of law, whether the agency action was a "contested" or "non-contested case." *State ex rel. Robison v. Lindley-Myers*, 551 S.W.3d 468, 471 (Mo. banc 2018); *450 N. Lindbergh Legal Fund, LLC*, 477 S.W.3d at 52; *City*

3

*of Valley Park v. Armstrong*, 273 S.W.3d 504, 506 (Mo. banc 2009).  A contested case is "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing."  Section 536.010(4).  A non-contested case is "a decision that is not required by law to be determined after a hearing."  *Lindley-Myers*, 551 S.W.3d at 471 (quoting *Furlong Cos., Inc. v. City of Kan. City*, 189 S.W.3d 157, 165 (Mo. banc 2006)).

The standard of review, record, and procedures under which a trial court conducts its review differ significantly depending on whether the case is "contested" or "non-contested." *Holden v. Dep't of Com. & Ins.*, 590 S.W.3d 878, 883 (Mo. App. W.D. 2019).

> Contested case review is controlled by sections 536.100 to 536.140.  Contested cases provide the parties with an opportunity for a formal hearing with the presentation of evidence, including sworn testimony of witnesses and cross-examination of witnesses, and require written findings of fact and conclusions of law.  The review of a contested case is a review by the trial court of the record created before the administrative body.  The trial court's decision upon such review is appealable, but the appellate court also looks back to the record created before the administrative body.
>
> Non-contested cases do not require formal proceedings or hearings before the administrative body.  As such, there is no record required for review.  In the review of a non-contested decision, the circuit court does not review the administrative record, but hears evidence, determines facts, and adjudges the validity of the agency decision.  Under the procedures of section 536.150, the circuit court conducts such a hearing as an original action.
>
> In either a contested or a non-contested case the private litigant is entitled to challenge the governmental agency's decision.  The difference is simply that in a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of that administrative trial, whereas in a non-contested case the private litigant tries his or her case to the court.  Depending upon the circumstances, this difference may result in procedural advantages or disadvantages to the parties, but in either situation, the litigant is entitled to develop an evidentiary record in one forum or another.

*Armstrong*, 273 S.W.3d at 506-07 (internal citations omitted) (quoting *Furlong*, 189 S.W.3d at 165).

Moreover, the characterization of a case as contested or non-contested does not merely affect the procedures required before the agency or in the trial court; it also affects the manner in which an appellate court conducts its review on appeal. *Holden*, 590 S.W.3d at 886. "The choice of *what decision* we review, on *what record*, and under *what standard*, are all dictated by the nature of the underlying administrative proceeding." *Id.* (emphasis in original). In order to properly perform our appellate function in a judicial review proceeding, we must first determine whether the underlying administrative case was contested or non-contested, even if the parties do not raise the issue. *Id.*

Sovulewski challenges the terms of probation set forth in the Board's Probation Order. She petitioned for judicial review in the trial court pursuant to the contested case procedures set forth in Sections 536.100 through 536.140. The Board did not dispute Sovulewski's characterization. The trial court considered the AHC's decision to grant a probationary license on the basis of the record developed before the AHC. The trial court did not hear any evidence or make its own factual determinations and found the action of the AHC was reasonable and appropriate under the circumstances.

However, Sovulewski was not challenging the *AHC's decision* to issue her a probationary license, she was challenging the specific terms of probation subsequently set by the *Board's Probation Order*. The AHC's decision granting Sovulewski a probationary license was unequivocally a contested case. But the Board's subsequent decision actually setting terms of probation – the Probation Order – is the agency action at issue. At oral argument the Board conceded that setting the terms of drug and alcohol testing was a non-contested proceeding. We agree.

Section 536.150 provides for judicial review of non-contested cases when "there is no other provision for judicial inquiry" into an administrative action. An administrative action is a non-contested case if the law (i.e., statute, ordinance, or constitutional provision) does not provide the aggrieved party the right to a hearing on the agency's action. *See 450 N. Lindbergh Legal Fund, LLC*, 477 S.W.3d at 53-54. Here, the law did not provide Sovulewski the right to a hearing prior to the Board issuing the Probation Order. More importantly, we were unable to find any statutes or case law granting Sovulewski a hearing or any other administrative remedies to subsequently challenge the Board's action.

While the Board purported to issue the Probation Order pursuant to Section 324.038, that statute fails to provide Sovulewski the right to a hearing. Section 324.038 affords applicants the right to a hearing before the AHC when *the licensing agency* exercises its discretion *to issue* the applicant a probationary license. *Missouri Real Estate Comm'n v. Held*, 581 S.W.3d 668, 675 (Mo. App. W.D. 2019). Section 324.038 is irrelevant when the *licensing agency* initially *refuses to issue* the applicant a probationary license. *Id.* Here, the Board initially refused to issue Sovulewski a probationary license, and only issued the Probation Order pursuant to the AHC's decision. Thus, the hearing and administrative remedy described in Section 324.038 did not apply to the Probation Order. Since the Board's Probation Order was not required by law to be determined after a hearing, this was a non-contested case.

"In the review of a non-contested decision, the circuit court does not review the administrative record, but hears evidence, determines facts, and adjudges the validity of the agency decision." *Furlong*, 189 S.W.3d at 165 (citing *Phipps v. Sch. Dist. of Kansas City*, 645 S.W.2d 91, 94-95 (Mo. App. W.D. 1982)). The trial court "conducts a hearing *de novo* on an original action *to determine post hoc on the facts as found by the court* whether the

administrative decision conforms to the constitution, the laws, and is not otherwise 'unreasonable, arbitrary or capricious or involves an abuse of discretion.'" *Phipps*, 645 S.W.2d at 95 (emphasis in original) (quoting Section 536.150). The trial court "owes no deference to conform doubtful evidence to the administrative decision" because it has no administrative record to review. *Id.* Thus, the trial court "does not *review* evidence but *determines* evidence, and on the facts as found adjudges the validity of the agency decision." *Id.* (emphasis in original).

In a non-contested case, we normally review the findings of fact made by the trial court, based on the record developed there, and the trial court's decision as to whether *the Board* acted unlawfully in setting the terms of probation. *Holden*, 590 S.W.3d at 886. This is impossible here because Sovulewski characterized the underlying administrative action as a contested case, and the trial court therefore made no factual findings, created no evidentiary record, and decided only whether *the AHC's* decision violated any of the seven standards set forth in Section 536.140.2. Moreover, the trial court's decision deferred to the AHC's action and did not make its own determination regarding the validity of the Board's subsequent action. The culmination of these procedural differences – stemming from the improper characterization of this matter as a contested case – leaves us unable to exercise any meaningful appellate review. *See e.g.*, *Johnston*, 462 S.W.3d at 864-69.

Given how Sovulewski elected to characterize her petition, and did not invoke the correct procedures for judicial review, we would be justified in vacating the trial court's decision with instructions to dismiss her petition for failure to state a claim. *Holden*, 590 S.W.3d at 886. However, both parties voluntarily proceeded in the trial court as if this was a contested case. At oral argument, each acknowledged the unusual and rather confusing procedural posture, with the

Board eventually conceding this is a non-contested case. In these circumstances, the interests of equity and fairness persuade us to exercise our discretion. *See George Ward Builders, Inc. v. City of Lee's Summit*, 157 S.W.3d 644, 651 (Mo. App. W.D. 2004). We direct the trial court on remand to permit Sovulewski to amend her petition to seek judicial review of the Board's terms of probation pursuant to non-contested case procedures. *See Holden*, 590 S.W.3d at 886-87; *Winter Bros. Material Co. v. Cnty of St. Louis*, 518 S.W.3d 245, 256 (Mo. App. E.D. 2017).

## CONCLUSION

The judgment of the trial court is reversed, and the case is remanded with instructions to permit Sovulewski to amend her petition to seek judicial review under non-contested case procedures, and to accordingly conduct further appropriate proceedings.

_____
Lisa P. Page, Judge

Michael E. Gardner, P.J. and
James M. Dowd, J., concur.

8